*Original*

GP 530

1

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**FILED** (PR)

2 Name _López    Rafael    L.R._
       (Last)         (First)        (Initial)

JUL 01 2008

3 Prisoner Number _D-00623_

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4 Institutional Address _P.O. BOX-409060. Ione. California_

5 _95640. Mule Creek State Prison._

6 ==================================================

**SBA**

7 ## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

8 _Rafael López_          **CV 08          3155**
  (Enter the full name of plaintiff in this action.)

9                                                )
                                                 )
10          vs.                                  )   Case No. _____
   _MARTEL.   WARDEN._                          )   (To be provided by the clerk of court)
11 _____           )
                                                 )   **PETITION FOR A WRIT**
12 _____           )   **OF HABEAS CORPUS**
                                                 )
13 _____           )
                                                 )   **E-filing**
14 (Enter the full name of respondent(s) or jailor in this action.)  )
                                                 )
15 ==================================================

16 ## Read Comments Carefully Before Filling In

17 **When and Where to File**

18          You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12      (a)    Name and location of court that imposed sentence (for example; Alameda

13          County Superior Court, Oakland):

14          CALIFORNIA DEPARTMENT    OF CORRECTIONS

15          Court                    Location

16      (b)    Case number, if known __S 119513__

17      (c)    Date and terms of sentence PRISON DISCIPLINARY

18      (d)    Are you now in custody serving this term? (Custody means being in jail, on

19          parole or probation, etc.)        Yes  X      No ____

20          Where?

21          Name of Institution: MULE CREEK STATE PRISON

22          Address: P.O. BOX - 409060, IONE, CALIFORNIA 95640

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  THIS ARE A PRISON DISCIPLINARY

27  _____

28  _____

3.  Did you have any of the following?

    Arraignment:                   Yes _____     No ✗

    Preliminary Hearing:         Yes _____     No ✗

    Motion to Suppress:         Yes _____     No ✗

4.  How did you plead?

    Guilty _____    Not Guilty ✗    Nolo Contendere _____

    Any other plea (specify) _____

5.  If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6.  Did you testify at your trial?           Yes _____     No ✗

7.  Did you have an attorney at the following proceedings:

    (a)    Arraignment           Yes _____     No ✗

    (b)    Preliminary hearing    Yes _____     No ✗

    (c)    Time of plea          Yes _____     No ✗

    (d)    Trial                 Yes _____     No ✗

    (e)    Sentencing           Yes _____     No ✗

    (f)    Appeal               Yes ✗     No _____

    (g)    Other post-conviction proceeding    Yes _____     No ✗

8.  Did you appeal your conviction?        Yes ✗     No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes _____     No _____

        Year: _____    Result:_____

        Supreme Court of California    Yes ✗     No _____

        Year: *2003*    Result: *DENIED*_____

        Any other court          Yes _____     No _____

        Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                      Yes ✗        No____

2    (c)    Was there an opinion?                   Yes ____     No ✗

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                   Yes ____     No ✗

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you **previously filed** any petitions, applications or motions with respect to

9    this conviction in any court, **state or federal?**          Yes ____     No____

10    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding. Attach extra paper if you need more space.

18    I.     Name of Court: _CALIFORNIA SUPREME COURT_

19           Type of Proceeding: _PRISON DISCIPLINARY_

20           Grounds raised (Be brief but specific):

21           a. _PRISON DISCIPLINARY_

22           b. _I HAVE NO KNOWLEGE ABOUT_

23           c. _THESE RECKLESS DOCUMENTS._

24           d. _____

25           Result: _DENIED_            Date of Result: _10-6-03_

26    II.    Name of Court: _CALIFORNIA SUPREME COURT_

27           Type of Proceeding: _PRISON DISCIPLINARY_

28           Grounds raised (Be brief but specific):

a. PRISON DISCIPLINARY

b. I HAVE NO KNOWLEGE ABOUT

c. THESE RECKLESS DOCUMENTS.

d. _____

Result: DENIED          Date of Result: 10-6-03

III.    Name of Court: CALIFORNIA SUPREME COURT

Type of Proceeding: PRISON DISCIPLINARY

Grounds raised (Be brief but specific):

a. PRISON DISCIPLINARY

b. I HAVE NO KNOWLEGE ABOUT

c. THESE RECKLESS DOCUMENTS.

d. _____

Result: DENIED          Date of Result: 10-6-03

IV.    Name of Court: CALIFORNIA SUPREME COURT

Type of Proceeding: PRISON DISCIPLINARY

Grounds raised (Be brief but specific):

a. PRISON DISCIPLINARY

b. I HAVE NO KNOWLEGE ABOUT

c. THESE RECKLESS DOCUMENTS.

d. _____

Result: DENIED          Date of Result: 10-6-03

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No  X

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1  need more space.  Answer the same questions for each claim.

2  [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: PRISON DISCIPLINARY

6

7  Supporting Facts: I RAISED THIS CLAIM TO THE COURT

8  ARE BECAUSE, I TRYING TO REMEDY THIS CLAIM

9  WITH THE CALIFORNIA DEPARTMENT OF CORRECTIONS

10  AND THE STATE. AND THE RESULT DENIED.

11  Claim Two: PRISON DISCIPLINARY

12

13  Supporting Facts: I have no knowlege About these

14  ERRONEOUS AND RECKLESS DOCUMENTS THE

15  CALIFORNIA DEPARTMENTS OF CORRECTIONS

16  FABRICATED THESE DOCUMENTS AND PLANTED THESE

17  Claim Three: PRISON DISCIPLINARY

18

19  Supporting Facts: IN MY CENTRAL FILE THESE ERRONEOUS

20  AND FALSE DOCUMENTS ARE A FABRICATED BY

21  THESE INSTITUTIONS AND PLANTED THESE

22  IN MY CENTRAL FILE.

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  PLEASE SEE THE ATTACH SUPPORTING

26  FACTS.

27

28

Like I said These ERRONEOUS and RECKLESS WROT:UP
I have NO IDEA About These FALSE DOCUMENTS Theik
Said That. I SIGNATURE on September 3.2002 About
These RECKLESS ERRONEOUS FALSE DOCUMENTS THAT'RE
UNTRUE. I Told The CALIFORNIA DEPARTMENT OF CORRECTIONS
TO SHOW me where or when. I SIGN ANY These
RECKLESS 115's They FABRICATED These FALSE DOCUMENTS
AND PLANTED These in my "CENTRAL FILE" Like IF. I WAS
A PSYCHOPATHS OR PSYCHOSEXUAL. MY PETITION is
TO These FALSE DOCUMENTS 'RE be EXPUNGE FROM my
"CENTRAL FILE". I have NO KNOWLEGE. PLEASE. I REFER
TO EXHIBITS All. MY 128 "G" These CAME OUT FROM my
CENTRAL FILE ALSO EXHIBITS Where. I JUST WORKER
BEFORE AT A CLERK. WITH TOO MANY FEMALE
OFFICERS And. I Never have ANY KIND OF These
PROBLEM. I SEND THIS PETITION LITTLE bit LATE it's
BECAUSE The CALIFORNIA DEPARTMENT OF CORRECTIONS
LOSSED All MY PERSONAL PROPERTY, And UNTIL NOW
They found iT.

VERY RESPECTFULLY.

1         List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _____

5    _____

6    _____

7    Do you have an attorney for this petition?         Yes_____    No ☒

8    If you do, give the name and address of your attorney:

9    _____

10         WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on  JUNE 22-2008            _____

14               Date                        Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

# Exhibit

A

S119513

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re RAFAEL LOPEZ on Habeas Corpus

---

Petition for writ of habeas corpus is DENIED.

Brown, J., was absent and did not participate.

SUPREME COURT
**FILED**

MAR 1 6 2005

Frederick K. Ohlrich Clerk

DEPUTY

_George_

Chief Justice

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re RAFAEL LOPEZ, On Habeas**

Case No.:    **F043429 (California Court of Appeal, 5th Appellate District)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On _August 27, 2003_, I served the attached **RESPONDENT'S INFORMAL RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, P.O. Box 944255, Sacramento, California 94244-2550, addressed as follows:


**RAFAEL LOPEZ, D-00623**               **CLERK'S OFFICE**
**California Substance Abuse Treatment**    **Kings County Superior Court**
**Facility and State Prison at Corcoran**   **1426 "South" Drive**
**P. O. Box 5242**                      **Hanford, CA 93230**
**Corcoran, CA 93212-5242**

**PETITIONER IN PRO PER**               **RONALD L. CALHOUN**
                                        **District Attorney**
                                        **Kings County Government Center**
                                        **1400 West Lacey Boulevard**
                                        **Hanford, CA 93230**


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 27, 2003, at Sacramento, California.


| M. McIntosh | m. mcintosh |
|:---:|:---:|
| Declarant | Signature |

10013647.wpd

MC-275

Name RAFEL LOPEZ

Address P.O. BOX-5242 CORCORAN, CALIFORNIA

93212-5242 CSAFT/SP CORCORAN.

FACILITY "E"   E-2-212 L

CDC or ID Number   D-00623

SUPREME COURT
**FILED**

OCT - 6 2003

Frederick K. Ohlrich Clerk

DEPUTY

**COPY**

**RECEIVED**

OCT 6 - 2003

CLERK SUPREME COURT

To: The California Supreme Court.

_____
(Court)

| | |
|---|---|
| RAFAEL LOPEZ | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No. **S119513** |
| BILL LOCKYER, Attorney General | *(To be supplied by the Clerk of the Court)* |
| Respondent | |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

_____

SEE THE ATTACHED

_____

_____

_____

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

_____

SEE THE ATTACHED

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

_____

SEE THE ATTACHED

_____

_____

_____

C-275 [Rev. January 1, 1999]      **PETITION FOR WRIT OF HABEAS CORPUS**      Page three of six

**To: The California Supreme court:**

I, Submit this "Hbaeas Corpus" to Raise these issues to the High court. I can see the lower court does not want to remedy my issue. These CDC 115's are very serious. Now I well explain to the High court why the department of corrections planted all off these CDC 115's in Central File it's because I stand-up in front of the prison guards face. I do this because I fight for my Rights, so when any inmate like myself who have a complaint pending with the COURT. The deparment of corrections officials they plant, dirty and false documents on the inmate C-File that's how they take a Retaliation. They planted a Reckless and erroneous CDC 115's on my C-File. I would like to say this to the Honorable judge. The prison guards accused me of moving certain weapons for the (MEXICAN MAFIA). They assume that because they saw me together with the mexican inmates. all off these Reckless and erroneous CDC 115's have to be expunge out my C-File. I understand the california department of corrections never well be on my side also like the california Attorney General he have to defend all prison guards. Well here in this institution where I am presently incarcerated according to the Attorney General. I get another CDC 115 that they fabricated another erroneous and Reckless CDC 115 just to justify all of these false documents, but I well not stop Refuting these issue until I prove to the courts that all of these documents are false and fabricated. This is a conspiracy nothing but a conspiracy and Retaliation also I asked to the california department of corrections for my sign of these CDC 115's hearing and they not show me my signature.

Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
Court of Appeal of the California, Fifth Appellate district

b. Result: __DENIED__    c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) ___Prison Discipline_____

(2) _____

(3) _____

f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

Did you seek review in the California Supreme Court? ☐ Yes. ☒ No. If yes, give the following information:

a. Result: _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

). If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
My petition claim it's Regarding Prison Discipline

_____

1. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
This claims should be Administrative Remedies but the California Department of Corrections not want to do this because they knew that this charged is false so that is the Reason why. I Raise this issue to the Court.

_____

b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

**PETITION FOR WRIT OF HABEAS CORPUS**

MC-275 [Rev. January 1, 1999]



**BILL LOCKYER**
*Attorney General*

.te of California
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 324-5376
Facsimile: (916) 324-5205
E-Mail: Robert.Cross@doj.ca.gov

August 27, 2003

48149280-SA2003102928
CDC Number D-00623

Clerk's Office
California Court of Appeal
Fifth Appellate District
2525 Capitol Street
Fresno, CA 93721

RE:    In re RAFAEL LOPEZ, On Habeas Corpus
       <u>Court of Appeal of the State of California, Fifth Appellate District, Case No. F043429</u>

Dear Clerk:

Thank you for permitting an informal response to this petition for habeas corpus. The Court has specifically requested that respondent include all documentation showing that petitioner received notice of certain prison disciplinary proceedings. Petitioner claims that he has no knowledge of multiple prison disciplinary proceedings for inappropriate sexual behavior. He suggests that he had no notice or opportunity to participate in these proceedings and that, until recently, he has been completely unaware of them. He suggests that documentation of these proceedings has been fabricated. He claims that he could not timely exhaust his administrative remedies because he never participated in any such proceedings. Petitioner's claims are preposterous and frivolous.

A summary of petitioner's prison disciplinary history for sexually inappropriate behavior is set forth in the following table:



| Incident | Log No. | Hearing | Charge | Exhibit |
|----------|---------|---------|--------|---------|
| 3/2/87 | 17130-4 | 3/12/87 | Fondling his exposed penis in the presence of a teacher. | A |
| 6/24/87 | 17469-4 | 7/2/87 | Indecent exposure to a correctional officer. | B |

California Court of Appeal
Fifth Appellate District
August 26, 2003
Page 2

| Incident | Log No. | Hearing | Charge | Exhibit |
|----------|---------|---------|--------|---------|
| 7/24/88 | C-88-07-105 | 7/29/88 | Fondling his exposed penis in the presence of a correctional officer. | C |
| 12/15/91 | A1291-022 | 12/31/91 | Masturbating while looking directly at a correctional officer. | D |
| 2/28/93 | 02-93-C-0074 | 3/29/93 | Masturbating in the presence of a correctional officer. | E |
| 9/16/01 | C-01-09-032 | 10/25/01 | Masturbating while staring at a correctional officer. | F, G, H |

Each of the relevant exhibits shows that petitioner actively participated in each of the disciplinary proceedings, and in one case filed a successful administrative appeal which gained him a re-hearing. In no case did petitioner pursue any administrative remedy from any ultimate disciplinary order. Respondent submits the following summary of the relevant disciplinary proceedings.

**Log No. 17130-4** (Exhibit A.)

The decision of March 2, 1987, indicates that petitioner was present, and admitted receiving copies of all documents more than 24 hours before the hearing. He offered a plausible defense by claiming that he was only tucking in his shirt and that he did not see the teacher nearby. He was found guilty and assessed a 90-day credit loss and referred to the Classification Subcommittee. Petitioner did not appeal.

**Log No. 17469-4** (Exhibit B.)

The hearing took place on June 24, 1987. The hearing officer noted that petitioner was in good health and did not request any witnesses. He plead not guilty and claimed that the charges against him were fabricated. He was found guilty and notified of his right to appeal, which he did not.

**Log No. C-88-07-105** (Exhibit C.)

The hearing took place on July 24, 1988. The decision reflects that petitioner stated that he was in good health, that he had been properly served with all documents, and that he was ready to proceed. He plead not guilty and denied he was rubbing his penis. He was found guilty and advised of his right to appeal, which he did not.

California Court of Appeal
Fifth Appellate District
August 26, 2003
Page 3

**Log No. A1291-022** (Exhibit D.)

The hearing took place on December 23, 1991. Petitioner appeared at 9:20 a.m. He stated that he was in good health and ready to proceed. He requested no witnesses. He denied the charges, claiming that he was only rubbing his leg. He claimed that he had never before been accused of such sexual misbehavior in the past. He was found guilty and advised of his right to appeal. He did not appeal.

**Log No. 02-93-C-0074** (Exhibit E.)

Petitioner appeared at the hearing on March 29, 1993, and acknowledged that he was in good health and ready to proceed. He requested the presence of a witness, Officer R. Vela. The hearing officer denied this request since Officer Vela had transferred and had no relevant evidence to offer. Officer A. Saldivar testified by telephone and stated that petitioner was facing the officer in his cell and that he was definitely masturbating. Petitioner was found guilty. He did not appeal.

**Log No. C-01-09-032** (Exhibits F, G, H.)

Petitioner appeared at the hearing on October 25, 2001. His request for witnesses was denied by the hearing officer, who found him guilty. Petitioner appealed.

On May 16, 2002, the California Department of Corrections issued its Director's Level Appeal Decision. The case was remanded for re-hearing because the hearing officer had failed to adequately address petitioner's request for witnesses. (Exhibit G.)

The new hearing took place on September 3, 2002, in the Administrative Segregation Unit of the Substance and Abuse Treatment Facility - Corcoran. The documentation for this hearing is attached as Exhibit H. Petitioner's signature acknowledges receipt of this Rules Violation Report. Petitioner personally appeared and stated that he was in good health and ready to proceed. He acknowledged receipt of all necessary documents. An investigative employee had been assigned to petitioner, and his report was received. Although petitioner was afforded the opportunity to call witnesses, he declined to do so. He denied the charges. He was found guilty and failed to further appeal.

Petitioner's professed lack of knowledge of any of these hearings is preposterous. He offers no evidence that the attached exhibits are forgeries. He personally appeared at all of the hearings, and successfully appealed one of them. He offered possible, if not plausible, innocent explanations for all his inappropriate conduct. He can offer no excuse for not pursuing, save exhausting, his administrative remedies. Upon review of the numerous exhibits attached to this response, the Court can have no hesitation in rejecting the claims made by petitioner. He

California Court of Appeal
Fifth Appellate District
August 26, 2003
Page 4

participated in the hearings, received due process, was advised of rights to appeal and failed to do
so. The petition should be summarily dismissed.

Sincerely,

ROBERT C. CROSS
Deputy Attorney General

For    BILL LOCKYER
Attorney General

RCC:mm

Attachments (8):

Exhibit A:  CDC 115, Rules Violation Report, Log No. 17130-4
Exhibit B:  CDC 115, Rules Violation Report, Log No. 17469-4
Exhibit C:  CDC 115, Rules Violation Report, Log No. C-88-07-105
Exhibit D:  CDC 115, Rules Violation Report, Log NO. A1291-022
Exhibit E:  CDC 115, Rules Violation Report, Log No. 02-93-C-0074
Exhibit F:  CDC 115, Rules Violation Report, Log No. C-01-09-032
Exhibit G:  Director's Level Appeal Decision, dated May 16, 2002, Log No. SATF 01-05652
Exhibit H:  CDC 115, Rules Violation Report, Log No. C-01-09-032R

10013401.wpd

EXHIBIT
A.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| NUMBER | NAME | | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|--------|------|--|--|--------------------|-------|-------------|---------|
| D-00623 | LOPEZ | | | | DVI | WH-248 | 17130-4 |

| VIOLATED RULE NO.(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|----------------------|---------------|----------|------|------|
| DR-3007/3041(d) | Sexual Behavior/Performance | Educ. | 3/2/87 | 1100 Hours |

CIRCUMSTANCES

On March 2, 1987, at approximately 1100 hours, inmate LOPEZ, D-00623, was observed to be fondling his penis which was sticking out of his pants. He was sitting at a desk adjacent to mine. He was told to put it away, which he did. While engaged in such activity along with excessing talking he has failed to complete a minimum of required work. LOPEZ was identified by class roll and by prior contact.

| REPORTING EMPLOYEE (TYPED NAME AND SIGNATURE) | ASSIGNMENT | RDO'S | DATE |
|-----------------------------------------------|------------|-------|------|
| C. GUEFFROY, Teacher | Academic | S/S | 3-6-87 |

| CLASSIFICATION | ☐ ADMINISTRATIVE ☐ SERIOUS | HEARING REFERRED TO: | SEGREGATED PENDING HEARING |
| DATE DIVISION (CIRCLE ONE) A B C (D) E F | ☐ HO ☒ SHO ☐ SC ☐ FC | LOC. U/R | DATE |

| COPIES GIVEN INMATE | | SUPPLEMENTS: |
|---------------------|--|--------------|
| CDC 115 BEFORE HEARING | Sgt R Johnson 3-9-87 | STAFF MEMBER SIGNATURE | N/A | DATE |
| AFTER HEARING | Sgt Stedman 3-13-87 | INCIDENT REPORT: | N/A | DATE |

PLEA: ☐ GUILTY ☒ NOT GUILTY     FINDINGS: ☒ GUILTY ☐ NOT GUILTY   (EVIDENCE TO SUPPORT CONCLUSIONS AND ANY FACTORS IN AGGRAVATION)

FINDING: Inmate LOPEZ, D-00623, does not meet the criteria for DR#3315(d), does not request witnesses, is in good health, and was advised of his appeal rights. Subject states that he has received a copy of all the relative reports at least 24 hours prior to the Hearing. Subject states that he is ready to proceed with the Hearing. Subject states that he opened his pants in class to tuck in his shirt. Subject states that he did not do this in front of the teacher. Subject states that he does not know why the teacher submitted this CDC-115, DR#3007/3041(d).

DISPOSITION: Found GUILTY based on the contents of this Rules Violation Report, Log #17130-4. Ms. C. Gueffroy's documented testimony is more believeable than the Subject LOPEZ. Assessed 90 days LOSS OF CREDITS, referred to Classificatipn Sub-Committee for confirmation of credit loss and PROGRAM REVIEW.

DISPOSITION:
Lord 3-18-87                                          3-12-87

| REFERRED: | ACTION BY: SIGNATURE | SIGNATURE | DATE |
|-----------|---------------------|-----------|------|
| ☐ CLASSIFICATION: ☐ BPT | J. E. RHODES, Correctional Lieutenant, Program Unit IV | | |
| ☐ PSYCHI ☐ OTHER | SIGNATURE | SIGNATURE | |

REASON:

ACTION REVIEWED AND APPROVED: _____ Hill Nulley C.P.A. 3-12-87
SIGNATURE                                           DATE

CDC 115 (10/83)                                      2

STATE OF CALIFORNIA
**SERIOUS RULES VIOLATION REPORT**

| NUMBER | NAME | VIOLATED RULE NO.(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| D-00623 | LOPEZ | DR-3007/3041(d) | 3/2/87 | DVI | 17130-4 |

STAFF ASSISTANT  ☐ NEEDED  ☐ REQUESTED  ASSIGNED:  ☐ YES  ☑ NO      DATE      ASSIGNMENT      RDO'S

NAME _____

STAFF INVESTIGATOR:  ☐ NEEDED  ☐ REQUESTED  ☐ WAIVED BY INMATE: SIGNATURE *Does not want Elake*   DATE   ASSIGNMENT   RDO'S

☐ ASSIGNED:   TYPED NAME   *N/A*

**REQUEST FOR POSTPONEMENT OF DISCIPLINARY HEARING:**

I, _____ *N/A* _____, request my hearing be postponed pending outcome of
INMATE SIGNATURE AND DATE

referral for Prosecution.

Notice of outcome received _____   Disposition *N/A* _____
                              DATE

I, _____ *N/A* _____, revoke my request _____ for postponement.
INMATE SIGNATURE AND DATE                                DATE

**WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)**

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER  ☑ NONE

WITNESSES: (GIVE NAME AND NO./POS.)

|  | GRANTED | NOT GRANTED |  | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

**INVESTIGATIVE REPORT:** *Investigative employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures and other documents may also be necessary.*

3-9-87
_____
COPY RECEIVED BY INMATE    DATE

_____    _____
INVESTIGATOR'S SIGNATURE    DATE

## RULES VIOLATION REPORT

| NUMBER | NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| D-00623 | LOPEZ | | DVI | WH-248 | 17469-4 |

| VIOLATED RULE NO.(s) | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| DR-3004(b), 3008 | Exposure of self | | Culinary | 6/24/87 | 1300 hours |

CIRCUMSTANCES:

On Wednesday, June 24, 1987, at approximately 1300 hours, inmate LOPEZ, D-00263, housed in West Hall #248, exposed himself to this officer.
While giving security coverage for the noon meal behind the grill gate in dining room one (1), I observed LOPEZ (a p.m. culinary cook) working on the cup and bowl washing machine. As I turned around to inform LOPEZ to return to his own area, I noticed he had his erect penis out of his pants and was staring directly at me. I immediately notified Sergeant Sybrant and LOPEZ was escorted out of the culinary and sent back to his housing unit.
Identification was made through prior contact and culinary records. LOPEZ is aware of this CDC-115 documentation.

| REPORTING EMPLOYEE (TYPED NAME AND SIGNATURE) | ASSIGNMENT | RDO'S | DATE |
|---|---|---|---|
| L. LUBKEN, Correctional Officer | Culinary #1 | Fri/Sat | |

| CLASSIFICATION | ☐ ADMINISTRATIVE ☒ SERIOUS | HEARING REFERRED TO: | SEGREGATED PENDING HEARING |
|---|---|---|---|
| OFFENSE DIVISION (CIRCLE ONE)  A  B  C  Ⓓ  E  F | | ☐ HO ☐ SHO ☐ SC ☐ FC | LOC. _____ DATE _____ |

| COPIES GIVEN INMATE | SUPPLEMENTS: | | |
|---|---|---|---|
| CDC 115 BEFORE HEARING (N) Sgt DF Poe  7-1-87 | | STAFF MEMBER SIGNATURE | DATE |
| AFTER HEARING  S Steelman 7-2-87 | INCIDENT REPORT: | STAFF MEMBER SIGNATURE | DATE |
| STAFF MEMBER SIGNATURE    DATE | | STAFF MEMBER SIGNATURE | DATE |

PLEA: ☐ GUILTY ☒ NOT GUILTY                    FINDINGS: ☒ GUILTY ☐ NOT GUILTY   (EVIDENCE TO SUPPORT CONCLUSIONS AND ANY FACTORS IN AGGRAVATION)

FINDING: Inmate LOPEZ, D-00263, does not meet criteria for Investigating Employee per DR#3315(d) does not request witnesses, is in good health and was advised of his right to appeal. Inmate LOPEZ PLEADS NOT GUILTY and states that Correctional Officer Lubken is fabricating the whole incident and that nothing that is stated in the CDC-115 happened. Inmate LOPEZ waives time constraints.

DISPOSITION: Guilty, based on Correctional Officer Lubken's visual account of the incident. Assessed 90 days loss of credits under Division-D and 60 days loss of privileges, EOS: 09-02-87 @ 0800 hours. Referred to CSC for confirmation of credit loss and program review.

DISPOSITION:

| REFERRED: | ACTION BY: SIGNATURE | SIGNATURE | DATE |
|---|---|---|---|
| ☐ CLASSIFICATION ☐ SPT | A. Ramirez, Correctional Lieutenant, Program Unit IV | | 07-02-87 |
| ☐ PSYCH: ☐ OTHER | SIGNATURE | SIGNATURE | |
| REASON: | | | 17469-4 |
| ACTION REVIEWED AND APPROVED: | SIGNATURE  Whitley  P.A. 7-2-87 | | DATE |

CDC 115 (REV.)                                                                BDCT-735 2-84 39QM OSP

# SERIOUS RULES VIOLATION REPORT

| NUMBER: | NAME | VIOLATED RULE NO.(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| D-00683 | LOPEZ | DR 3004(b), 3008 | 6/24/87 | | 17469-4 |

| STAFF ASSISTANT: | ☐ NEEDED | ☐ REQUESTED | ASSIGNED: | ☐ YES | ☐ NO | DATE | ASSIGNMENT | RDO'S |

NAME

| STAFF INVESTIGATOR: | ☐ NEEDED | ☐ REQUESTED | ☒ WAIVED BY INMATE: SIGNATURE: _Riff_ | DATE: 7-1-87 |

☐ ASSIGNED: _____ TYPED NAME _____ DATE _____ ASSIGNMENT _____ RDO'S

### REQUEST FOR POSTPONEMENT OF DISCIPLINARY HEARING:

I, _____ , request my hearing be postponed pending outcome of
           INMATE SIGNATURE AND DATE
referral for Prosecution.

Notice of outcome received _____ Disposition _____
                                    DATE

I, _____ , revoke my request _____ for postponement.
           INMATE SIGNATURE AND DATE                                    DATE

### WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER  ☐ NONE

WITNESSES: (GIVE NAME AND NO./POS.)

| | GRANTED | NOT GRANTED | | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

---

**INVESTIGATIVE REPORT:** *Investigative employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures and other documents may also be necessary.*

COPY RECEIVED BY INMATE _____ DATE _____          INVESTIGATOR'S SIGNATURE _____ DATE _____

CDC 115A (10/83)                    *— If additional space is required use supplemental pages —*          85 93745

EXHIBIT

B.

# RULES VIOLATION REPORT

| NUMBER | NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| D-00623 | LOPEZ | | | DVI | WH-248 | 17469-4 |

| VIOLATES RULE NO.(S) | SPECIFIC ACTS | | LOCATION | | DATE | TIME |
|---|---|---|---|---|---|---|
| DR-3004(b), 3008 | Exposure of self | | Culinary | | 6/24/87 | 1300 hours |

CIRCUMSTANCES:

On Wednesday, June 24, 1987, at approximately 1300 hours, inmate LOPEZ, D-00263, housed in West Hall #248, exposed himself to this officer. While giving security coverage for the noon meal behind the grill gate in dining room one (1), I observed LOPEZ (a p.m. culinary cook) working on the cup and bowl washing machine. As I turned around to inform LOPEZ to return to his own area, I noticed he had his erect penis out of his pants and was staring directly at me. I immediately notified Sergeant Sybrant and LOPEZ was escorted out of the culinary and sent back to his housing unit.
Identification was made through prior contact and culinary records. LOPEZ is aware of this CDC-115 documentation.

REPORTING EMPLOYEE (TYPED NAME AND SIGNATURE)
L. LUBKEN, Correctional Officer

| ASSIGNMENT | RDO'S | DATE |
|---|---|---|
| Culinary #1 | Fri/Sat | |

CLASSIFICATION  ☐ ADMINISTRATIVE  ☒ SERIOUS

HEARING REFERRED TO:  ☐ HO  ☐ SHO  ☐ SC  ☐ PC

OPTIONAL DIVISION (CIRCLE ONE)  A  B  C  (D)  E  F

SEGREGATED PENDING HEARING
LOC. _____ DATE _____

COPIES GIVEN INMATE

SUPPLEMENTS:

CDC 115 BEFORE HEARING (N) Sgt DE Hill 7-1-87
STAFF MEMBER SIGNATURE    DATE

AFTER HEARING _____ 7-2-87
STAFF MEMBER SIGNATURE    DATE

INCIDENT REPORT: _____ STAFF MEMBER SIGNATURE _____ DATE

PLEA: ☐ GUILTY  ☒ NOT GUILTY

FINDINGS: ☒ GUILTY  ☐ NOT GUILTY  (EVIDENCE TO SUPPORT CONCLUSIONS AND ANY FACTORS IN AGGRAVATION)

FINDING: Inmate LOPEZ, D-00263, does not meet criteria for Investigating Employee per DR#3315(d) does not request witnesses, is in good health and was advised of his right to appeal. Inmate LOP PLEADS NOT GUILTY and states that Correctional Officer Lubken is fabricating the whole incident and that nothing that is stated in the CDC-115 happened. Inmate LOPEZ waives time constraints.

DISPOSITION: Guilty, based on Correctional Officer Lubken's visual account of the incident. Asse ed 90 days loss of credits under Division-D and 60 days loss of privileges, EOS: 09-02-87 @ 0800 hours. Referred to CSC for confirmation of credit loss and program review.

DISPOSITION:

REFERRED:  ☐ CLASSIFICATION:  ☐ BPT  ☐ PSYCH:  ☐ OTHER

ACTION BY: SIGNATURE
A. Ramirez, Correctional Lieutenant, Program Unit IV

DATE  07-02-87

17469-4

REASON:

ACTION REVIEWED AND APPROVED:  _____ P.A. 7-2-87
SIGNATURE    DATE

**STATE OF CALIFORNIA**

# SERIOUS RULES VIOLATION REPORT

| NUMBER | NAME | VIOLATED RULE NO.(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| D-00683 | LOPEZ | DR 3004(b), 3008 | 6/24/87 | | 17469-4 |

STAFF ASSISTANT: ☐ NEEDED  ☐ REQUESTED    ASSIGNED: ☐ YES  ☐ NO

NAME: _____

STAFF INVESTIGATOR: ☐ NEEDED  ☐ REQUESTED  ☒ WAIVED BY INMATE: SIGNATURE: _____  DATE: 7-1-87

☐ ASSIGNED: _____ TYPED NAME    DATE    ASSIGNMENT    SDO'S

**REQUEST FOR POSTPONEMENT OF DISCIPLINARY HEARING:**

I, _____, *request my hearing be postponed pending outcome of*
                    INMATE SIGNATURE AND DATE

*referral for Prosecution.*

*Notice of outcome received* _____ *Disposition* _____
                              DATE

I, _____, *revoke my request* _____ *for postponement.*
                INMATE SIGNATURE AND DATE                          DATE

**WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)**

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER  ☐ NONE

WITNESSES: (GIVE NAME AND NO./POS.)

| | GRANTED | NOT GRANTED | | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

**INVESTIGATIVE REPORT:** *Investigative employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures and other documents may also be necessary.*

COPY RECEIVED BY INMATE        DATE

INVESTIGATOR'S SIGNATURE    DATE

EXHIBIT
C.

# RULES VIOLATION REPORT

| NUMBER | NAME | | RELEASE/BOARD DAY | INST. | HOUSING NO. | LOG NO. |
|--------|------|--|------------------|-------|-------------|---------|
| D-00623 | LOPEZ, Rafael | (O) | LIFER | CSP-NF FC-3215-U | C-88-07-105 |

| VIOLATED RULE NO.(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|----------------------|---------------|----------|------|------|
| 3007 | SEXUAL BEHAVIOR,  IN WATCH OFFICE . | WATCH OFFICE | 7-24-88 | 1030 HRS |

**CIRCUMSTANCES:**

On 24 July 1988,  at approximately 1030 hours,  Inmate LOPEZ, D-00623,
housed in FC-3215-U, was called to the Program Office, for a CDC-115,
hearing, when he disrespected me, using sexual gestures.  Inmate LOPEZ pos-
itioned his body directly in front of me in the Watch Office door and fond-
led his penis.  When I asked Inmate LOPEZ what he was doing, he just smiled.
I immediately summoned Correctional Officer Vaughn for assistance.  Inmate
LOPEZ was then counselled verbally in the presence of Sergeant Cates, The
Program Sergeant, and was informed of this report.

| REPORTING EMPLOYEE (TYPED NAME AND SIGNATURE) | | ASSIGNMENT | RDO'S | DATE |
|--|--|--|--|--|
| R. L. HARRINGTON, C/O. | C/O | 2797, S&E, (Swap) | S / S | 7-25-8 |

| CLASSIFICATION: ☐ ADMINISTRATIVE ☒ SERIOUS / | HEARING REFERRED TO: | SEGREGATED PENDING HEARING |
|--|--|--|
| OFFENSE DIVISION (CIRCLE ONE)  A  B  C  D  E  (F) | ☐ NO ☒ SHO ☐ SC ☐ FC | LOC. _____ DATE _____ |

| COPIES GIVEN INMATE | | SUPPLEMENTS: | |
|--|--|--|--|
| CDC 115 BEFORE HEARING | 7-25-88 | | N/A |
| | | STAFF MEMBER SIGNATURE | DATE |
| AFTER HEARING | 8-2-88 | INCIDENT REPORT: | N/A |
| STAFF MEMBER SIGNATURE | DATE | STAFF MEMBER SIGNATURE | DATE |

**PLEA:** ☐ GUILTY  ☒ NOT GUILTY    **FINDINGS:** ☒ GUILTY  ☐ NOT GUILTY  (EVIDENCE TO SUPPORT CONCLUSIONS AND ANY FACTORS IN AGGRAVATION)

Inmate LOPEZ, C-00623, stated he was in good health,  acknowledged receipt of all reports to be
used in evidence and was ready to proceed with the hearing.  All time constraints have been met
and all reports were issued more than 24 hours prior to the hearing.  No witnesses were request
An I. E. was not required.  This is not a D. A.  referral.  The charges were read to Inmate LOP
and he pled Not Guilty.  Inmate LOPEZ stated: "The report is not correct, that he was NOT rubbi
himself in front of the Officer."
Inmate LOPEZ, was found ☒ Guilty of violating DR #3007:  SEXUAL BEHAVIOR IN THE PROGRAM OFFICE.
The preponderance of the evidence submitted at the hearing substantiates the charges.
The evidence included:
  1.    The content of the written report by the reporting employee.
Which supports the finding of Guilty.
Inmate LOPEZ was advised of his right and the procedures necessary to appeal this action.

**DISPOSITION:** "GUILTY" Assessed 30 days loss of behavioral credit under a division "F" Offense.
Counsel and reprimand.  Confined to Quarters for ten (10) days, effective 7-30-88 thru
8-08-88.  Refer to U. C. C. for confirmation of credit loss.

| C. PAYNE,   PROGRAM LIEUTENANT,  CSP-NF,   "C" FACILITY.   SECOND WATCH. | JUL 29 1988 |
|--|--|
| SIGNATURE | DATE |

| REFERRED: | ACTION BY: | |
|--|--|--|
| ☒ CLASSIFICATION: ☐ SPT | C. PAYNE. | 7-29-88 |
| ☐ PSYCH! ☐ OTHER | SIGNATURE | 8-1-88 |
| REASON: | | |
| ACTION REVIEWED AND APPROVED: | | 8/1/88 |
| SIGNATURE | | DATE |

CDC 115 (10/83)

85 937

# SERIOUS RULES VIOLATION RPT

| NUMBER | NAME | VIOLATED RULE NO.(s) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-00623 | LOPEZ, R | 3007 | 7-24-88 | CSP-NF | C-88-07-105 |

STAFF ASSISTANT ☐ NEEDED ☐ REQUESTED ASSIGNED: ☐ YES ☒ NO

NAME _____

STAFF INVESTIGATOR: ☐ NEEDED ☐ REQUESTED ☐ WAIVED BY INMATE: SIGNATURE: _____ N/A _____ DATE: N/A

☐ ASSIGNED: TYPED NAME _N/a per DR 3315(d)_ ASSIGNMENT _____ RDO's _____

**REQUEST FOR POSTPONEMENT OF DISCIPLINARY HEARING:**

I, _____ N/A _____, request my hearing be postponed pending outcome of
INMATE SIGNATURE AND DATE

referral for Prosecution.

Notice of outcome received _____ N/A _____ Disposition _____ N/A _____
DATE

I, _____ N/A _____, revoke my request _____ N/A _____ for postponement.
INMATE SIGNATURE AND DATE                                    DATE

**WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)**

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER ☒ NONE

WITNESSES: (GIVE NAME AND NO./POS.)

| | GRANTED | NOT GRANTED | | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

**INVESTIGATIVE REPORT:** *Investigative employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures and other documents may also be necessary.*

COPY RECEIVED BY INMATE        DATE

INVESTIGATOR'S SIGNATURE        DATE

CDC 115A (10/83)        — If additional space is required use supplemental pages —        85 93748

EXHIBIT
D

## RULES VIOLATION REPORT

| NUMBER | NAME | | RELEASE/BOARD DA | INST. |
|---|---|---|---|---|
| D-00623 | LOPEZ | | | CCI-IV |

| VIOLATED RULE NO.(S) | SPECIFIC ACTS | LOCATION | | |
|---|---|---|---|---|
| 3008 | INDECENT EXPOSURE | YARD-IVA | 5/91 | 1030 HOURS |

**CIRCUMSTANCES**

On Sunday, December 15, 1991, at approximately 1030 Hours, I observed Inmate LOPEZ, D-00623, 1A-209U, lying back on the stairs below Central Tower. Inmate LOPEZ was looking directly at me, placed his left hand on his Penis, and began masterbating in a vigorus up and down manner. I had Officer G. Cano observe LOPEZ. LOPEZ was placed in handcuffs by C/O Williams, S & E Officer, and escorted to a holding cell. LOPEZ is aware of this report.

REVIEWED AND APPROVED BY C/SGT. S. CRAMER.

| REPORTING EMPLOYEE (TYPED NAME AND SIGNATURE) | ASSIGNMENT | RDO'S | DATE |
|---|---|---|---|
| S. J. GENTRY, CORRECTIONAL OFFICER  C/O S. Gentry | CENTRAL TOWER, IVA | W/T | 12/15/91 |

| CLASSIFICATION | ☐ ADMINISTRATIVE ☒ SERIOUS | HEARING REFERRED TO: | SEGREGATED PENDING HEARING |
|---|---|---|---|
| 12-17-91 |

OFFENSE DIVISION (CIRCLE ONE)  A  B  C  D  E  F     ☐ HO  ☐ SHO  ☐ SC  ☐ FC     LOC. _____  DATE _____

| COPIES GIVEN INMATE | SUPPLEMENTS: |
|---|---|
| CDC 115 BEFORE HEARING  C Robinson 12-17-91  134th  g Cano  C Robinson 12-17-91 |
| AFTER HEARING  C Robinson 1-2-92     INCIDENT REPORT: |

PLEA: ☐ GUILTY ☒ NOT GUILTY     FINDINGS: ☒ GUILTY ☐ NOT GUILTY  (EVIDENCE TO SUPPORT CONCLUSIONS AND ANY FACTORS IN AGGRAVATION)

On 12/23/91 Inmate LOPEZ appeared before me at approximately 0920 Hours in good health and was prepared to proceed with his hearing. He received a copy of the charge and all pertinent reports more than twenty-four (24) hours prior to the hearing. He was informed that the disposition in this matter would not become final pending review and approval by the Chief Disciplinary Hearing Officer. Upon this approval a completed copy of the CDC-115 will be issued. He did not request any witnesses to be present for his hearing. He did not request the Reporting Employee to be present. He did not request the assignment of an Investigative Employee. I read the charges to LOPEZ and he denies the charge stating he was just rubbing his leg and was not masterbating. He further states he has never been accused of this type of behavior before. Rules and Regulations governing this type of behavior was clearly explained to LOPEZ and any further infraction would be dealt with in a more severe manner. LOPEZ is being found guilty based on information contained in the Rules Violation Report. I apprised LOPEZ of his right to appeal. GUILTY: Assessed 90 Days _____ in accordance with the schedule provided for a division "D" offense. Assessed 90 Days loss of privileges effective 12/23/91, ending on 3/21/92. Refer to Reclassification committee for credit loss confirmation and program review.    confirmed 90 days LOC

| REFERRED: | ACTION BY: | SIGNATURE | SIGNATURE  ACC 1/15/92 | DATE |
|---|---|---|---|---|
| ☒ CLASSIFICATION: ☐ DFT | | H. DANN, UNIT LIEUTENANT | | 12/23/91 |
| ☐ PSYCH: ☐ OTHER | SIGNATURE | SIGNATURE | |

REASON: _____

ACTION REVIEWED AND APPROVED:  J. Gamboa  AW  12/31/91

CDC 115 (10/85)                                                                 85 93747

# SERIOUS RULES VIOLATION REPORT

| D-06583 | NAME | VIOLATED RULE NO.(S) 3009 | | |
|---|---|---|---|---|

**STAFF ASSISTANT** ☐ NEEDED  ☐ REQUESTED  **ASSIGNED:** ☐ YES

NAME

**STAFF INVESTIGATOR:** ☐ NEEDED  ☐ REQUESTED  ☒ WAIVED BY INMATE: SIGNATURE: _____ DATE _____ APPROVED

TYPED NAME

☐ ASSIGNED:

## REQUEST FOR POSTPONEMENT OF DISCIPLINARY HEARING:

I, _____ , request my hearing be postponed pending outcome of

INMATE SIGNATURE AND DATE

referral for Prosecution.

Notice of outcome received _____ Disposition _____

DATE

I, _____ , revoke my request _____ for postponement

INMATE SIGNATURE AND DATE                                   DATE

## WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER  ☒ NONE

WITNESSES: (GIVE NAME AND NO./POS.)

| | GRANTED | NOT GRANTED | | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| | ☐ | ☐ | _____ | ☐ | ☐ |

## INVESTIGATIVE REPORT:
*Investigative employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures and other documents may also be necessary.*

COPY RECEIVED BY INMATE      DATE  12-17-91  1332 hrs

INVESTIGATOR'S SIGNATURE      DATE

CDC 115A (10/83)

*— If additional space is required use supplemental pages —*

85 93748

# M e m o r a n d u m

Date : December 15, 1991

To  : Senior Hearing Officer/Disciplinary Committee

        G. C. Cano, Correctional Officer
From : California Correctional Institution
        P.O. Box 1031, Tehachapi, CA. 93561

Subject: SUPPLEMENTAL REPORT;CDC-115, Log#1291-022, Inmate LOPEZ, D-00623, Dated 12/15/91.

On Sunday, December 15, 1991, at approximately 1030 Hours, Correctional Officer
S. J. Gentry, Central Tower Officer, called me over to her window and told me
the inmate on the stairs in front of Central Tower was playing with himself.
I took a look out the window and observed the inmate with his left hand on his
Penis.  I notified Correctional Officer Williams, S & E Officer, to handcuff and
escort him to the holding cell.  The Unit Sergeant was notified.

George C. Cano

G. C. Cano, Correctional Officer
Central Tower, CCI-IVA, 2nd Watch

EXHIBIT
E.

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| D-00623 | LOPEZ | | | CSP-CAL | FC03-124L | 02-93-C-0074 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(A) CONDUCT | MASTURBATION | FC03-124L | 02/28/93 | 1415 HOURS |

**CIRCUMSTANCES**

On Sunday, February 28, 1993, at approximately 1415 hours, while performing my duties as C-3 Control Booth Officer, 3/W I observed Inmate LOPEZ, D-00623, FC03-124L, masturbating in front of his cell door, sitting on what appeared to be a rolled up mattress. As he sat on his rolled up mattress, he would move his right hand in an up and down motion, handling his erect penis. When confronted on his conduct, Inmate LOPEZ became very defensive, and argumentative with me, saying, "What you look at?" I ordered LOPEZ to refrain from this type of behavior, with negative results. Again, LOPEZ sat down on his rolled up mattress in front of his cell door, facing this writer, and continued to masturbate. LOPEZ yelled at me from behind his cell door, "I'm going to do this again, tomorrow!" Inmate LOPEZ is aware of this report.

7.19  1/5

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| A. SALDIVAR, Correctional Officer | 2/28/93 | C-3 Control Booth 3/W | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | LOC. |
|---|---|---|---|---|
| R. K. CORONA, Correctional Sergeant | 3/1/93 | | DATE | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE<br>☐ SERIOUS | DIV "F" 0-30 | 3/1/93 | P.A. FOLAN, Correctional Lieutenant | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| | | 3-2-93 | 1815 | | | DATE | TIME |
| ☐ INCIDENT REPORT<br>LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

**HEARING**

On March 29, 1993, at approximately 0940 hours, inmate LOPEZ appeared before me in regards to the CDC-115 he had received on 02/28/93. The purpose of the Hearing and Inmate's Rights were explained. Inmate LOPEZ stated that his health is "good" and pled "not guilty" to the charges.

**WITNESSES:** Inmate LOPEZ requested Officer R. Vela for a witness. However, SHO found Officer Vela's role as a witness irrelavant to the purpose of the Hearing. Furthermore, Officer Vela had been transferred to CSP-Corcoran.
Reporting Officer A. Saldivar was called as a witness. A telephone interview was conducted and Officer Saldivar stated: "Inmate Lopez rolled up his mattress in front of his cell door and was facing me. He definitely was masturbating during the Hearing.

**FINDINGS:** Guilty based upon Correctional Officer A. Saldivar's written report and proffered statement during the Hearing (via telephone).

**DISPOSITION:** Assessed loss of thirty (30) days credit for Division "F".

## REFER TO UCC FOR CREDIT LOSS CONFIRMATION.

| REFERRED TO ☒ CLASSIFICATION    ☐ BPT/NAEA | SIGNATURE | DATE |
|---|---|---|
| **ACTION BY: (TYPED NAME)**<br>P. D. Villalobos, Correctional Lieutenant | | 3/29/93 |
| REVIEWED BY: (SIGNATURE)<br>P. Poore | CHIEF DISCIPLINARY OFFICER'S SIGNATURE<br>A/cu | |
| DATE<br>3-30-93 | | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | |

CDC 115 (7/88)

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| d-00623 | LOPEZ | 3005(A) | 2/28/ | CSP-CAL | 02-93-C-09 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☐ YES   ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ► | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ► | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☐ **I REVOKE** my request for postponement. | | ► | |

## STAFF ASSISTANT

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| STAFF ASSISTANT ☐ REQUESTED   ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☒ NOT ASSIGNED | REASON | DOESN'T MEET CRITERIA PER CCR 3315(D) |

## INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| INVESTIGATIVE EMPLOYEE ☐ REQUESTED   ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☒ NOT ASSIGNED | REASON | DOES NOT MEET CRITERIA PER CCR 3315(D) |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER ____   ☐ N

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED |
|---|---|---|---|---|
| C/O BELA | ☐ | ☐ | | ☐ |
| | | | | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|---|
| | ► | | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|

— ... ...al ... ... is required use supplemental pages —

EXHIBIT
F

BY: M HILL

DEPARTMENT OF CORRECTION

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| D-00623 | LOPEZ | | LIFER | CSATF/SP | FCB4-202U | 01-09-032 |
| VIOLATED RULE NO(S) | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR 3007 | | INDECENT EXPOSURE | | C-1 EXERCISE YARD | 09-16-01 | 1100 HR |

CIRCUMSTANCES On Sunday, September 16, 2001, at approximately 1100 hours, while performing my duties as C-1 Observation Officer, I observed Inmate LOPEZ, (D-00623, FCB4-202U), sitting on the bottom bench of the bleachers in front of Yard Observation Tower C-1. While the entire front of his body was facing directly toward my observation booth he was exposing himself to me, he looked directly at me as he began to pull his shorts to his groin on his left leg. LOPEZ then began to grab his testicles and rubbed them with his fingers on his left hand. LOPEZ then continued this for approximately 30 seconds while still looking directly at me. LOPEZ then decided to adjust himself and expose his testicles and penis on the left side of his shorts, leaving his legs spread wide open. I then proceeded to call Housing Unit C-3 Control and advised the officer on duty to contact Correctional officer G. Floyd to respond to LOPEZ location to counsel him on his inappropriate indecent exposure. As Officer Floyd walked past the bleachers, LOPEZ noticed him and ceased his indecent exposure. At the completion of yard recall officer Floyd escorted LOPEZ to the C-1 observation booth and I identified him as the inmate who exposed himself to me. I advised inmate LOPEZ that this type of illegal behavior would not be tolerated as defined in Section 311 of the penal code. This inmate is a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE 1-16-01 | ASSIGNMENT C-1 OBSERVATION | RDO'S W/TH |
|---|---|---|---|---|
| ▶ A. PATINO, CORRECTIONAL OFFICER | | | | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE 1-16-01 | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ V. POUCH, SERGEANT | | DATE 09-16-01 | | LOC. FEB2-122L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ▶ R.M. COMFORT, FACILITY CAPTAIN | | ☐ HO  ☒ SHO  ☐ SC |
| ☐ SERIOUS | | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ M Hill | DATE 01/01 | TIME 1430 | TITLE OF SUPPLEMENT M.H. CHRONO, ASSESSMENT ISSUE |
| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) ▶ M Hill | DATE 25/11 | TIME 0900 | BY: (STAFF'S SIGNATURE) ▶ M Hill  DATE 1/5/11  TIME 09 |
| 01-09-032 | | | | |

HEARING

INMATE PLEA: NOT GUILTY                          FINDING: GUILTY

HEARING PREPARATION & TIME CONSTRAINTS: On 10/25/01, at approximately 2001 hours, Inmate LOPEZ, D-00623, appeared before this Senior Hearing Officer and stated that he was in good health and ready to proceed with the hearing. This hearing was held in the Facility Program Office. All non-confidential reports considered as evidence were issued to LOPEZ at least 24 hours prior to this hearing. All time constraints have been met. This inmate participant in the Department's Mental Health Services Delivery System. Subject states he in good health, and acknowledges receiving a copy of all pertinent documentation 24 hours prior to this hearing, and is ready to proceed.

D.A. REFERRAL: This case was not referred to the District Attorney for criminal prosecution.

CONFIDENTIAL INFORMATION: No confidential information was provided or used in adjudication this disciplinary hearing.

STAFF ASSISTANT: LOPEZ waived the assignment of a staff assistant as indicated by his signature on the CDC 115A.

(CONT. ON PART-C)

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | SIGNATURE | | DATE |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) CORRECTIONAL LIEUTENANT E.B. BOOKER | | | | 11/0/01 |
| REVIEWED BY: (SIGNATURE) ▶ CAPTAIN R.M. COMFORT | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ B. EDWARDS, A.W. (CDO) | | DATE |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ F/C M Hill | | DATE 11/26/01  TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION
PAGE _2_ OF _2_

# RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D-00623 | LOPEZ | C-01-09-032 | SATF | 10/19/01 |

[ ] SUPPLEMENTAL   [X] CONTINUATION OF: [ ] 115 CIRCUMSTANCES  [ ] HEARING  [X] IE REPORT  [ ] OTHER _____

**WITNESS STATEMENT:** (Inmate MARTINEZ, D-98122, C1-223U) "I was sitting on the bleacher and I didn't see LOPEZ make any gestures."

**WITNESS STATEMENT:** (Inmate REVELEZ, P-96006, C1-221U) "I didn't see anything. LOPEZ went to the restroom and came back."

**ADDITIONAL INFORMATION:** Inmate LOPEZ requested the videotape from C-1 Yard to be viewed during the hearing.

**STAFF WITNESSES REQUESTED AT THE HEARING:**   NO

**INMATE WITNESSES REQUESTED AT THE HEARING:**   YES
Inmate MARTINEZ, D-98122, C1-223U
Inmate DAVIS, R-69171, C4-205U
Inmate REVELEZ, P-96006, C1-221U

REPORTING EMPLOYEE REQUESTED AT THE HEARING?          NO
INVESTIGATIVE EMPLOYEE REQUESTED AT THE HEARING?      NO
ADDITIONAL INFORMATION REQUESTED AT THE HEARING?      NO

THIS I.E. WAS ISSUED:

F/C: 11/26/01 M Hull

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| CORRECTIONAL OFFICER L. WEBB | | 11/23/ |
| GIVEN BY: (Staff's Signature) SEE ABOVE | DATE SIGNED | TIME SIGNED |

[X] COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)                                                          OSP

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| | LOPEZ | C-01-09-032 | SATF | 10/25/01 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT.   ☐ OTHER _____

LOPEZ was found GUILTY of the Division D(5) offense of INDECENT EXPOSURE - Indecent exposure is the deliberate exposure of genitals or other private parts of the body under circumstances likely to cause affront or alarm. This finding is based upon the following preponderance of evidence:

The Reporting Employee's written report which states in part..."On 09/16/01, I observed Inmate LOPEZ (D-0062) sitting on the bottom bench of the bleachers in front of the C-1 Yard Observation Tower. While the entire front of his body was facing directly toward my observation booth, he was exposing himself to me. He looked directly at me as he began to pull his shorts to his groin on his left leg. LOPEZ began to grab his testicles and rub them with his fingers on his left. LOPEZ continued this for approximately 30 seconds while still looking directly at me. LOPEZ then decided to adjust himself and expose his testicles and penis on the left side of his short leaving his legs spread wide open."

DISPOSITION: LOPEZ was assessed 90 days Forfeiture of Credit consistent with a Division "D" offense. LOPEZ was assessed hours Extra Duty to be supervised by the Housing Unit staff and to be completed by 11/26/01. LOPEZ was assessed days loss of Yard Access (one hour per yard period as in accordance with the facility's scheduled yard release). He was counseled and reprimanded and he was receptive to counseling.

APPEAL RIGHTS & CREDIT RESTORATION: LOPEZ was advised that he will receive a copy of this completed report upon final review by the Chief Disciplinary Officer; that he may appeal any portion of the hearing, findings or disposition; and to appeal, he must attach the final copy of the CDC-115 to his inmate appeal form and submit it for Second Level review. LOPEZ was advised of the credit restoration procedure for a division D offense, that credit restoration shall be permanently forfeited if he is found guilty of any rule violation received during the specified disciplinary free period. That disciplinary period for a division D offense commences the day following the date this CDC-115 was issued and continues for 6 months from that date, and that disciplinary free periods and their percentage of restoration are outlined in CCR 3329.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| LIEUTENANT E. J. BOOKER | | 11/25/01 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE     | | |

CDC 115-C (5/95)        OSP 1

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIC

**RULES VIOLATION REPORT - PART C**                                   PAGE ___ OF ___ 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-00623 | LOPEZ | C-01-09-032 | SATF | 10/25/ |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

INMATE PLEA: NOT GUILTY                    FINDING:

**DUE PREPARATION AND TIME CONSTRAINTS:** On 10/25/01, at approximately 2001 hours, inmate LOPEZ appeared before the Senior Hearing Officer (SHO) and stated that he was in good health and ready to proceed with the hearing. This hearing was held in the Facility IV-C Lieutenant's Office. All non-confidential reports considered as evidence were issued to inmate at least 24 hours prior to this hearing. All time constraints have been met.

**DISTRICT ATTORNEY:** This case was not referred for possible felony prosecution.

**CONFIDENTIAL INFORMATION:** There were no confidential information used in the case.

**STAFF ASSISTANT:** A Staff Assistant was NOT assigned. LOPEZ is a participant in the Department's Mental Health Service Delivery System. The Mental Health Assessment completed by Mental Health Services states that based on information from the inmate's health care record and brief contact with him, it does not appear that the behavior resulting in this disciplinary report was influenced by mental illness. LOPEZ does not evidence impairment in his ability to understand the nature of the charge or the disciplinary process. It does not appear that LOPEZ would benefit from staff assistance. On 10/02/01, after reviewing the Mental Health Assessment completed by Mental Health Services, the Chief Disciplinary Officer determined that LOPEZ would not be assigned a Staff Assistant (refer to attached CDC-128). In the hearing, LOPEZ stated that he is literate, understands English and can present his own defense without assistance.

**INVESTIGATIVE EMPLOYEE:** An Investigative Employee was assigned. Correctional Officer L. Webb was assigned as Investigative Employee as LOPEZ's current housing made it unlikely for him to be able to collect evidence necessary for the presentation of a defense. LOPEZ acknowledged receipt of the IE report at least 24 hours prior to this hearing.

**INMATE'S PLEA AND STATEMENT:** LOPEZ is charged with INDECENT EXPOSURE, a violation of CCR 53007 which states in part: Inmate behavior Inmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws penal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves and behaving in a manner which is designed to encourage illegal sexual acts. The circumstances of the violation were read to LOPEZ. He acknowledged understanding the charge filed against him and entered a plea of NOT GUILTY to that charge. LOPEZ then stated, "I was sitting by the bleachers with ten (10) other inmates. It was 0930 AM. At yard recall, I went into the building. The Officer came and took me to the Observation Tower and said, "That's the guy."

**WITNESSES:** LOPEZ requested that Inmates MARTINEZ (D-98122, C1-223U), DAVIS (H-69171, C4-205U), and REVELEZ (P-81-221U) be present as witnesses at the hearing and stated that these witnesses would provide the following information at the hearing. The SHO stipulates to the following testimonies.

Inmate MARTINEZ will say: "I was sitting on the bleachers and didn't see LOPEZ make any gestures."
Inmate REVELEZ will say: "I didn't see anything. LOPEZ went to the restroom and came back."
Inmate DAVIS will say: "I was sitting on the bleachers also and didn't see him expose himself."

**PHYSICAL EVIDENCE:** Inmate LOPEZ requested to view the video. However, there is no video on this incident. There is no video evidence to be used as evidence in this case.

| | SIGNATURE OF WRITER LIEUTENANT E. B. HOOKER | DATE SIGNED 1/31/ |
|---|---|---|

| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) FH: | DATE SIGNED 11/30/ | TIME SIGNED 14/ |
|---|---|---|---|

CDC 115-C (5/95)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTION

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| D-00623 | LOPEZ | CCR 3007 | 09-16-01 | CEN/SP | C-01-09-032 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| | N/A | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ ✗ N/A | N/A 01 |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☒ WAIVED BY INMATE | ▶ ✗ | 10-1- |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☐ NOT ASSIGNED   REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ REQUESTED ☐ WAIVED BY INMATE | ▶ ✗ | 10-1-0 |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☐ NOT ASSIGNED   REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _Yes_ ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | GRANTED |
|---|---|---|---|---|---|
| NONE | ☐ | ☐ | NONE | ☐ | |
| NONE | ☐ | ☐ | NONE | ☐ | |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 10/19/01, I, Correctional Officer L. Webb, was assigned as the Investigative Employee (I.E.) for Rules Violation Report Log Number C-01-09-032, issued to inmate LOPEZ, D-00623. I informed LOPEZ of my assignment and that my role as the I.E. is as a fact finder for the Senior Hearing Officer. LOPEZ had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** "I was facing the observation tower. I want to see the video from Obs 1 at the hearing. Lieutenant Villalobos stated there was nothing on the video tape."

**REPORTING EMPLOYEE'S STATEMENT:** "Inmate LOPEZ purposely exposed his genitals to me and play with them while staring at me."

**INMATE WITNESS STATEMENT:** (Inmate DAVIS, H-69171, C4-205U) "I was sitting on the bleachers also and didn't see him expose himself."

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ CORRECTIONAL OFFICER L. WEBB | 1-1- |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1430 | DATE 10-1- |
|---|---|---|---|

CDC 115-A (7/88)          — If additional space is required use supplemental pages —

**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST FOR INTERVIEW

STATE OF CALIFORNIA
GA-22 (9/92)

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 10/22/01 | CCII MISS COOPER | LOPEZ | D-00623 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM          TO |
|---|---|---|---|
| C-4 | 202L | | ASSIGNMENT HOURS FROM          TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

## Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

DEAR MISS COOPER I HAVE EXHAUSTED ALL REMEDIES AND TO NO AVAIL HAS BEEN THE RESULT. MISS COOPER, I REALLY NEED YOUR HELP IN PREPARING FOR MY 115 HEARING. I NEED THE REPORTS.

DO NOT WRITE BELOW THIS LINE

DATE

INTERVIEWED BY

DISPOSITION

State of California                    THIRD LEVEL              Department of Corrections

# CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY & STATE PRISON AT CORCORAN
## APPEAL MODIFICATION/ ACTION NOTICE

SATF Modification Order #: **02-330**           DUE DATE: **09/16/02**

Division Head:  **AW Central SRV**            Date: **07/31/02**

Appeal Log #:   **SATF-C-01-05652**           Housing: **C4 202U**

Inmate Name:   **LOPEZ**                CDC #:  **D-00623**

The above appeal has been [] Granted [X] Partially Granted [] Denied at the [] SECOND [X] THIRD Level review regarding: [] CDC 115, Rules Violation Report, [X] Other See Below

Log Number:  **C-01-009-0032**           Date:  **9/16/01**        Rule Violation: **Indecent Exposure**

Please review the attached appeal response and take the necessary action(s) to comply and return to the Appeals Office.

[ ] Remove all documentation pertaining to the above from the Central File, i.e. CDC 115, CDC 128, supplemental reports. Documentation removed shall be given to the inmate or destroyed.

[ ] Restore _____ days behavior credit loss assessed.      [ ] Restore lost privileges.

[ ] Remove/Modify "Hold" on trust account.            [ ] Adjust classification score.

[ ] Reclassify from offense "Div.____" to offense "Div.____".    [ ] Refer to classification. (If appropriate)

[ ] Reissue/Rehear (Attach copy of completed CDC-115)        [ ] Recompute release date.

[ ] The inmate is currently housed at _____. Please prepare the CDC 115 hearing documents and supplements (if applicable) and forward to the Appeals Office for further processing.

[ ] Modify charge to _____

[ ] Other    **SATF shall reissue and rehear RVR Log#C-01-009-0032, dated 9/16/01, for indecent exposure and ensure the appellant's request for witnesses is appropriately addressed.**

DORIS DUVALL, CC II              CSATF APPEALS         ASSIGNED TO: _____
DANA ARLINE, CC II                            DUE DATE: _____
S. AGUILERA-MARRERO, CC II                     CAPTAIN _____
APPEALS COORDINATORS

---

*Upon completion of this Mod/Action Notice, please sign below and return this form to the Appeals Office.*
*I verify that the following action has been complied with:*

Action Taken: REISSUED 8/5/02  REHEARD 9/3/02  F/G ASSESSED 90 DAYS FOC

Counseled & Reprimanded

Signature: _____  Title: _____  Date: 9/5/02

State of California

Department of Corrections

# Memorandum

Date: 9/16/~

To:     L. L. Rianda, Chief
        Inmate Appeals Branch

Subject:  **COMPLETION OF DIRECTOR'S LEVEL MODIFICATION ORDER**
          **IAB LOG #0109090, INSTITUTION LOG #SATF 01-05652**
          **APPELLANT: LOPEZ CDC #D-00623**

A modification order in the above appeal has been completed as ordered.  The order was as follows:

The institution shall reissue and rehear RVR Log #C01-009-0032 and ensure the appellant's request for witnesses is appropriately addressed.

The modification was completed in the following manner:

_See attached._

(Attach a copy of any relevant documents such as CDC Form 128-G, Classification Chrono; CDC Form 128-C, Medical Chrono; CDC Form 115, Rules Violation Report, etc.)

Certified as completed by:

Name _____     Title _C II____     Location _9/16/02_

CDC 1617 (3/89)
7/23/02

EXHIBIT
G

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

INMATE APPEALS BRANCH

P. O. BOX 942883

SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAY 1 6 2002**

In re:    Lopez, D-00623
California Substance Abuse Treatment Facility and
State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212

IAB CASE NUMBER:    0109090
LOCAL LOG NO.:    SATF 01-05652

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner P. Enriquez, Facility Captain.

## ISSUE

Whether or not staff acted appropriately on the appellant's request.

## ARGUMENTS

I

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C-01-09-032, dated September 16, 2001, for Indecent Exposure. It is the appellant's position that he was denied a copy of an incident report authored by staff prior to his hearing denying him adequate preparation for his defense. He contends that he did not wave his rights or agree to continue with the hearing because he did not have copies of the requested staff report or inmate witnesses present. He states that he did not agree to the stipulations of what the witnesses would state as reflected in the disposition by the Senior Hearing Officer (SHO), Correctional Lieutenant (Lt.) Hooker. He states that staff and the SHO lied. He accuses the SHO of making a racist comment when he appeared for the disciplinary hearing.

The appellant requests on appeal that Lt. Hooker be reprimanded for his misconduct and that the RVR be dismissed or reissued and reheard.

II

It is staff's position that all time constraints and due process rights were upheld during the disciplinary proceedings. The Second Level of Review found that the appellant's witnesses' statements were contained in the Investigative Employee (IE) report. The institution stated that the SHO appropriately stipulated the testimony that was anticipated by these witnesses. The appellant stated he had no other concerns related to his hearing. The appeal was denied at the Second Level of Review.

## FINDINGS

The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3007. Sexual Behavior.**

Inmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws which remove legal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts.

**CCR 3084.5. Levels of Appeal Review and Disposition.**

(h) Disciplinary appeals. When procedural or due process requirements provided inmates in disciplinary proceedings have been violated, one of the following remedies shall be considered:

(2) The original disposition shall be vacated and a new hearing ordered if the reviewer determines that any of the following requirements were not met:

(D) The accused was denied witnesses, or when security was an issue, denied statements of witnesses which would, in the opinion of the reviewer, have contributed significant information.

(3) When a disciplinary charge is ordered reheard, a new CDC Form 115 shall be written and processed. The disciplinary time constraints shall begin on the date the new CDC Form 115 is written except when an inmate is being returned to a facility for a disciplinary rehearing, the time constraints shall begin upon the inmate's return to that facility.

**CCR 3315. Serious Rule Violations.**

(e) Witnesses. An inmate may request that friendly and adverse witnesses attend the hearing.

(1) Requested witnesses shall be called unless the official conducting the hearing denies the request for one of the following reasons:

(A) The appearance would endanger the witness.

(B) The official determines that the witness has no relevant or additional information.

(C) The witness is unavailable.

(2) If an inmate's request for a witness is denied, the reasons shall be documented on the CDC Form 115.

All submitted documentation and supporting arguments of the parties have been considered. The documentation and arguments presented are persuasive that the appellant has supported his appeal issue with sufficient evidence or facts to warrant a modification of the Second Level response.

A review of the RVR reflects that there were no additional staff reports as claimed by the appellant in this appeal. The appellant was provided copies of all reports 24 hours prior to his hearing. It is also noted in the RVR that the SHO stipulated as to the statements of the appellant's witnesses would make during the hearing if they testified. The Second Level of Review states that witnesses had been interviewed by the IE and had made the stipulated statements to the IE. A review of the IE report reflects that only two inmates were interviewed. One inmate stated he did not see the appellant expose himself and the other inmate stated he did not see anything. Inmate Davis, H-691⁷¹ ·· ·· ·equested as a witness, but had not been interviewed by the IE. The SHO did not address this issue nor does the disposition reflect that the appellant agreed to the st··· ···· ent that

Inmate Davis may or may not have made. CCR 3315(e)(1)(A)(B)(C) provides the reasons for denial of witnesses. The SHO did not address the appellant's request in accordance with this section. The institution will be directed to reissue and rehear the RVR and ensure that the appellant's request for witnesses is appropriately addressed.

## DECISION

The appellant's request was inappropriately denied.

The appeal is granted in part.

## ORDER

The institution shall reissue and rehear RVR Log #C01-009-0032 and ensure the appellant's request for witnesses is appropriately addressed.

This issue was discussed with the office of Chief Deputy Warden.

This decision exhausts the administrative remedy available to the appellant within CDC.

LINDA L. RUANDA, Chief
Inmate Appeals Branch

cc:    Warden, SATF
       Appeals Coordinator, SATF

EXHIBIT
H

**STATE OF CALIFORNIA**

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | |
|---|---|---|---|---|
| D-00623 | LOPEZ | (M/BB) | LIFER | |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION |
|---|---|---|
| 3007 | INDECENT EXPOSURE | C1 REC YARD |

**CIRCUMSTANCES**

**REISSUE/REHEAR INFORMATION:** On 08/05/02 this RVR was retyped in order to comply with Modification/Action Notice (SATF Modification Order #02-330) which ordered that RVR C-01-09-032 be reissued and reheard. According to the Modification Order, a due procedural violation occurred in that the appellant's request for witnesses appropriately addressed.

**CIRCUMSTANCES:** On Sunday, September 16, 2001 at approximately 1100 hours, while performing my duties as C-1 Observation Officer, I observed inmate LOPEZ (D-00623, FCB4-202U) sitting on the bottom bench of the bleachers in front of Yard Observation Tower C-1. While the entire front of his body was facing directly toward my observation booth, he was exposing himself to me, he looked directly at me as he began to pull his shorts to his groin on his left leg. LOPEZ then began to grab his testicles and rubbed them with his fingers on his left hand. LOPEZ continued this for approximately 30 seconds while still looking directly at me. LOPEZ

**(CONTINUED ON RULES VIOLATION REPORT - PART C)**

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ A. PATINO, CORR. OFFICER | 8.7.02 | TOWER 1 | T/F |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ T. CATON, CORR. SERGEANT | 8/8/02 | DATE N/A | LOC. N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE XX SERIOUS 61-90 DAYS | 'D(5)' | 8-14-02 | ▶ D. CUEVAS, FACILITY CAPTAIN | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 8/19/02 | TIME 1000 | TITLE OF SUPPLEMENT M.H. ASSESSMENT/SA CHRONO/MOD ORDER #02-330 | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER C-01-09-0332 | BY: (STAFF'S SIGNATURE) ▶ Ramirez | DATE 9/6/02 | TIME 2040 | BY: (STAFF'S SIGNATURE) ▶ | DATE 9/31/02 | TIME 1000 |

**HEARING**

**INMATE PLEA:** NOT GUILTY          **FINDING:** GUILTY

**HEARING INTRODUCTION:** On 09/03/02 at approximately 0905 hours, inmate LOPEZ appeared before this Senior Hearing Officer (SHO) and stated that he was in good health and ready to proceed with the hearing. This hearing was held in the Administrative Segregation Unit (ASU1).

**REISSUE/REHEAR INFORMATION:** This is a rehearing of RVR Log Number C-01-09-032. Pursuant to SATF Modification Order #02-330, a rehearing of the charges was ordered because a due process violation occurred during the previous hearing process. The RVR was reissued and is being reheard to comply with the Modification Order.

**DOCUMENT ISSUANCE:** LOPEZ received a copy of all non-confidential reports considered as evidence in this case at least 24 hours prior to this hearing.

**TIME CONSTRAINTS:** LOPEZ received a copy of the CDC-115 within 15 days from the date the RVR was retyped. This hearing is being held within 30 days of service to the inmate. All time constraints have been met per CCR §3084.5(h)(3).

**(CONTINUED ON RULES VIOLATION REPORT - PART C)**

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) O. A. YBARRA, Correctional Lieutenant (SHO) | | ▶ | 9502 | 120 |
| REVIEWED BY (SIGNATURE) ▶ D. CUEVAS, Facility Captain | DATE 9-6-02 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ B. ESPINOSA, Associate Warden (CDO) | DATE 9 W 02 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ Ramirez | DATE 9/12/02 | TIME |

CDC 115 (7/88)

# RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D-00623 | LOPEZ | C-01-09-032R | CSATF/SP | 09/03/02 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**DISTRICT ATTORNEY:** This case was reviewed by the Investigative Services Unit for possible felony prosecution and on 11/05/01 it was determined that this case would not be referred as it does not meet the requirements of the District Attorney's Office.

**CONFIDENTIAL INFORMATION:** There was no confidential information to be considered in this case.

**PHOTOGRAPH/VIDEOTAPE EVIDENCE:** There was no videotape or photograph entered into evidence in this case.

**STAFF ASSISTANT:** A Staff Assistant (SA) was NOT assigned. LOPEZ is a MHSDS participant. The Mental Health Assessment completed by Mental Health Services states that based on information from the inmate's health care record and brief contact with him, it does not appear that the behavior resulting in this disciplinary report was influenced by mental illness. LOPEZ does not evidence impairment in his ability to comprehend the nature of the charge or the disciplinary process. It does not appear that LOPEZ would benefit from Staff Assistance. After reviewing the Mental Health Assessment, the CDO determined that LOPEZ would not be assigned a SA (see CDC-128B). In the hearing, LOPEZ stated that he is literate, understands English and can present his own defense without assistance.

**INVESTIGATIVE EMPLOYEE:** An Investigative Employee (IE) was assigned. C/O R. Mason II was assigned as the IE, completed the investigation pursuant to CCR §3318(a) and submitted an IE report.

**SPECIFIC CHARGE:** LOPEZ is charged with INDECENT EXPOSURE, a violation of CCR §3007 which states in part, "Inmates may not participate in illegal sexual acts." The circumstances of the violation were read to LOPEZ and he acknowledged understanding the charge filed against him.

**DEFENDANT'S PLEA AND STATEMENT:** LOPEZ entered a plea of NOT GUILTY and stated, "I was on the bleachers with 35 Southsiders, do you think they would allow me to do that? I want to see the videotape of the yard." At this point in the hearing, the SHO advised LOPEZ there had been no videotape evidence entered into evidence in this case, and as such, there was nothing to show him.

**WITNESSES:** Although LOPEZ informed the IE that he wished to call witnesses at this hearing (see CDC-115A), when the SHO gave LOPEZ the opportunity to do so at the hearing, LOPEZ declined to do so. This refusal was witnessed by both the SHO and the escorting officer (C/O Miranda) who was present during the hearing. The SHO offered to contact any requested witnesses via telephone on two occasions during the hearing and both times LOPEZ declined.

**SHO NOTE:** The SHO reviewed the Modification Order relative to this case and noted that the RVR was ordered reissued and reheard at the Director's level because there was a witness who was not interviewed by the IE. At this rehearing, the SHO reviewed the IE report submitted in this case and noted that it contained statements from the Defendant, the Reporting Employee, C/O G. Floyd, Inmates Davis (H-69171), Martinez, (D-98122), and Revelez (P-96006). According to the IE report, LOPEZ requested MARTINEZ as a witness. Although LOPEZ ultimately declined to call this witness, the SHO elected to stipulate that if MARTINEZ were called as a witness, he would testify as follows: "We were sitting on the bleachers talking when the lady in the tower said something. LOPEZ turned around, looked at her, then blew her off. LOPEZ agreed to the stipulated testimony.

(CONTINUED ON RULES VIOLATION REPORT – PART C)

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| O. A. YBARRA, Correctional Lieutenant (SHO) | 9-5-02 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| COPY OF CDC 115-C GIVEN TO INMATE | Ramirez | 9-12-02 | 1300 |

CDC 115-C (5/95)        OSP 99 25C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | |
|---|---|---|---|---|
| D-00623 | LOPEZ | C-01-09-032R | CSATF/SP | |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

**FINDING:** LOPEZ was found GUILTY of the Division D(5) offense of INDECENT EXPOSURE – Indecent exposure is the deliberate exposure of genitals or other private parts of the body under circumstances likely to cause affront or alarm. DELIBERATE means it is not accidental. This finding is based upon a preponderance of the following evidence presented at the hearing:

A. The Reporting Employee's report which states in part, ". . . I observed inmate LOPEZ, D-00623, C4-202U, sitting on the bottom bench of the bleachers in front of Yard Observation Tower C-1. While the entire front of his body was facing directly toward my observation booth, he was exposing himself to me. He looked directly at me as he began to pull his shorts to his groin on his left leg. LOPEZ then began to grab his testicles and rubbed them with his fingers on his left hand. LOPEZ continued this for approximately 30 seconds while still looking directly at me. LOPEZ then decided to adjust himself and expose his penis on the left side of his shorts, leaving his legs spread wide open. . ."

B. The stipulated testimony of inmate MARTINEZ, D-98122 was considered at the hearing. It was stipulated that LOPEZ turned around to face the Yard Observation officer, looked at her and blew her off. The testimony does not lend support to LOPEZ' defense because MARTINEZ did not see what LOPEZ did when LOPEZ turned to face the Yard Observation Officer. Therefore, the stipulated testimony was used only to support the contention by the Reporting Employee that it was LOPEZ who was on the bench at the time of the incident.

**DISPOSITION:** LOPEZ was assessed 90 days Forfeiture of Credit consistent with a Division 'D' offense. LOPEZ was counseled and reprimanded and he was NOT receptive to counseling.

**APPEAL RIGHTS:** LOPEZ was advised that he will receive a copy of this completed report upon final review by the CDO; that he may appeal any portion of the hearing, findings or disposition; and that to appeal, he must attach the final copy of the CDC-115 to his inmate appeal form and submit it for Second Level review.

**CREDIT RESTORATION:** LOPEZ was advised of the credit restoration procedure for a division 'D' offense; that credit restoration shall be permanently forfeited if he is found guilty of any rule violation received during the specified disciplinary free period; that the disciplinary free period for a division 'D' offense commences the day following the date this CDC-115 was issued and continues for 6 months from that date; and that disciplinary free periods and their percentage of restoration are outlined in the CCR §3328.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| O. A. YBARRA, Correctional Lieutenant (SHO) | 9-5-02 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| Ramirez | 9-12-02 | 1300 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 2

| CDC NUMBER | INMATE NAME | LOG NUMBER | INSTITUTION |
|---|---|---|---|
| D-00623 | LOPEZ | C-01-09-032R | CSATF/SP |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | |

then decided to adjust himself and expose his penis on the left side of his shorts, leaving his legs spread wide open. I then proceeded to call Housing Unit C-3 Control and advised the officer on duty to contact Correctional Officer G. Floyd to respond to LOPEZ location to counsel him on his inappropriate indecent exposure. As Officer Floyd walked past the bleachers, LOPEZ noticed him and ceased his indecent exposure. At the completion of yard recall, Officer Floyd escorted LOPEZ to the C1 Observation Booth and I identified him as the inmate who exposed himself to me. I advised inmate LOPEZ that this type of illegal behavior would not be tolerated as defined in Section 311 of the penal code. This inmate is a participant in the Mental Health Services Delivery System.

(4) *M. Patino*

SIGNATURE OF WRITER

A. PATINO, CORR. OFFICER

| DATE SIGNED |
|---|
| 8·13·02 |

GIVEN BY: (Staff's Signature)

*M. Patino*

| DATE SIGNED | TIME SIGNED |
|---|---|
| 8/19/02 | 1000 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99

# SERIOUS RULES VIOLATION RE... ...

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NUMBER |
|---|---|---|---|---|---|
| D-00623 | LOPEZ | 3007 | 09/16/... | CSATF/SP | C-01... |

**REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT** ☐ YES ☐ ...

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| N/A | N/A | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | N/A |

## STAFF ASSISTANT

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ STAFF ASSISTANT REQUESTED | ☐ WAIVED BY INMATE | ▶ ✗ | 8/19/02 |
| ☐ ASSIGNED | DATE N/A   NAME OF STAFF N/A | | |
| ☒ NOT ASSIGNED | REASON I/M DOES NOT MEET ASSIGNMENT CRITERIA | | |

## INVESTIGATIVE EMPLOYEE

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ ✗ | 8/19/02 |
| ☒ ASSIGNED | DATE 08/23/02   NAME OF STAFF R. MASON II, CORRECTIONAL OFFICER | | |
| ☐ NOT ASSIGNED | REASON N/A | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Inmate MARTINEZ, D-98122 | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information... documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.
On 08/23/02, I, Correctional Officer R. Mason II, was assigned as the Investigative Employee (I.E.) for Rules Violation Report Log Number C-02-09-032R, issued to Inmate LOPEZ, D-00623. I informed LOPEZ of my assignment and that my role as the I.E. is as a fact finder for the Senior Hearing Officer. LOPEZ had no objection to my serving in this capacity.

DEFENDANT'S STATEMENT: I didn't do it. Officer Floyd came to my cell at 1215 hours, after yard recall. He took m... out to the tower and asked the Officer if I was the one. She said that's him. If I did she is supposed to talk t... me when it happens not an hour later. I've been down 19 years I don't have that stupid shit in my jacket.

REPORTING EMPLOYEE'S STATEMENT: I was watching over the yard when I noticed inmate LOPEZ sitting on the bleachers facing me. LOPEZ was looking directly at me and pulled his shorts down in front and exposed his testicles and w... rubbing them. After about 30 seconds of doing this, looking at me the whole time, he then exposed his penis to m... overtime some one would walk by LOPEZ would cover up his groin. I then called for Officer Floyd to help me with deali... with LOPEZ.

(CONTINUED ON CDC-115 PART C)

| I.E. ISSUED ON: 8/28/02 | BY: c/o Ybarra | INVESTIGATOR'S SIGNATURE ▶ R. MASON II, CORRECTIONAL OFFICER | DATE 8-28-0... |
|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 10:00 | DATE 8/19/02 |

CDC 115-A (7/88)                    — If additional space is required use supplemental pages —

RULES VIOLATION REPORT - PART C

| CDC NUMBER | NAME | LOG NUMBER | INSTITUTION | |
|---|---|---|---|---|
| D-00623 | LOPEZ | C-01-08-032R | CSATF/SP | 08/ |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER

**STAFF WITNESS STATEMENT:** Correctional Officer G. Floyd,
"I went over to the bleachers and told LOPEZ she saw what you were doing. LOPEZ then walked to the housing unit and I followed him all the way to his cell, I ten placed mechanical restraints on LOPEZ and escorted him back to the observation where Office Patino positively identified him."

**INMATE WITNESS STATEMENT:** Inmate DAVIS, H-69171.
"I was sitting on the bleacher also and didn't see him expose himself."

**INMATE WITNESS STATEMENT:** Inmate MARTINEZ, D-98122.
"We were sitting on the bleachers talking when the lady in the tower said something, LOPE turned around, looked at her then blew her off."

**INMATE WITNESS STATEMENT:** Inmate REVELEZ, P-96006.
"I didn't see anything. LOPEZ went to the restroom and came back."

**INMATE WITNESSES REQUESTED AT THE HEARING:**
INMATE MARTINEZ  (D-98122, FCB1-223U)

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| R. MASON II, Correctional Officer | 8-28-02 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| c/o D. Harris | 8/28/02 | 1510 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)                                    OSP 99

# ASSESSMENT REQUEST

## REVIEWING SUPERVISOR

RECEIVED AUG 05 2002
5B

ASU-158L

A Rules Violation Report has been written on the following inmate who has exhibited bizarre behavior and/or is identified as a patient/participant in the Department's Mental Health Services Delivery System (MHSDS).

INMATE'S NAME: ___LOPEZ___    CDC NUMBER: ___D-00623___

FACILITY:   RVR LOG #: ___C-01-09-032R___ DATE OF VIOLATION: ___09/16/01___

SPECIFIC ACT CHARGED: ___INDECENT EXPOSURE___

Mental Health clinicians shall be contacted via this form, and information sought as to:
1. The inmate's ability to understand the charge, effectively present his position at a disciplinary hearing and understand the decision reached.
2. The inmate's level of care and participation in the Mental Health Program, his recent mental state and his current level of functioning.

RETURN COMPLETED ASSESSMENT FORM TO:   IV-C PROGRAM FAX# 4524

DELIVERED TO: Dr. Bindler    BY: _____    DATE: _____

----------------------------------------------------------------

## MENTAL HEALTH CLINICIAN

A Rules Violation Report has been written on the above named inmate.  The inmate's current Mental Health Level of Care, if any, is (according to Mental Health Records):

[ ] CCCMS    [ ] EOP    [ ] CRISIS BED    [X] NOT IN MENTAL HEALTH PROGRAM

It is CDC policy that clinical staff provide general information relative to the inmate's ability to understand and participate in the disciplinary process.  Please document below any information you are aware of which might assist in making these determinations.

1. Based on information from the inmate's health care record and brief contact with him, it **DOES / DOES NOT** (circle one) appear that the behavior resulting in the RVR may have been influenced by mental illness.
2. The inmate **DOES / DOES NOT** (circle one) evidence impairment in his ability to comprehend the nature of the charge or the disciplinary process.
3. It **DOES / DOES NOT** (Circle one) appear that this inmate would benefit from staff assistance.

Describe the inmate's level of care and participation in the Mental Health Program; his recent mental state and level of functioning; and if the mental condition may have been a contributing factor in the alleged misbehavior.

No assessments for non MHSDS inmates unless

ASSESSMENT SHALL BE COMPLETED WITHIN FOUR WORKING DAYS (or five calendar days when a weekend or holiday is involved).

ASSESSMENT COMPLETED BY: _S Bindler PhD (Signature)_    DATE: 8/6/02

PRINT NAME ___STEPHEN BINDLER, Ph.D. SENIOR PSYCHOLOGIST___    TITLE: _____

FAXED 8-6-02 pm

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
California Substance Abuse Treatment Facility and State Prison at Corcoran

# M E M O R A N D U M

Date:       November 5, 2001

To:         R. COMFORT
            Facility Captain
            Facility C

Subject:    **INCIDENT REPORT #SATF-03-01-09-0332**

After reviewing Incident Report #SATF-03-01-09-0332, it was determined that this case will not be referred to the Kings County District Attorney's Office. It does not meet the requirements of the District Attorney's Agreement.

The inmates involved were:

| NAME | CDC # |
|------|-------|
| LOPEZ | D00623 |

Please handle this case administratively.


**M. JOHNSON**
**Correctional Captain**
**Investigative Services Unit**

Original:  C-File
cc:        Investigative Services Unit
           Facility Captain
           Facility Lieutenant
           Facility CCII

## CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY & STATE PRISON AT CORCORAN
### APPEAL MODIFICATION/ ACTION NOTICE

SATF Modification Order #: __02-330__

DUE DATE: __09/16/02__

Division Head: __AW Central SRV__

Date: __07/31/02__

Appeal Log #: __SATF-C-01-05652__

Housing: __C4 202U__

Inmate Name: __LOPEZ__

CDC #: __D-00623__

The above appeal has been [] Granted [X] Partially Granted [] Denied at the [] SECOND [X] THIRD Level review regarding: [] CDC 115, Rules Violation Report, [X] Other See Below

Log Number: __C-01-009-0032__  Date: __9/16/01__  Rule Violation: __Indecent Exposure__

Please review the attached appeal response and take the necessary action(s) to comply and return to the Appeals Office.

[] Remove all documentation pertaining to the above from the Central File, i.e. CDC 115, CDC 128, supplemental reports. Documentation removed shall be given to the inmate or destroyed.

[] Restore _____ days behavior credit loss assessed.

[] Restore lost privileges.

[] Remove/Modify "Hold" on trust account.

[] Adjust classification score.

[] Reclassify from offense "Div.____" to offense "Div.____".

[] Refer to classification. (If appropriate)

[] Reissue/Rehear (Attach copy of completed CDC-115)

[] Recompute release date.

[] The inmate is currently housed at _____. Please prepare the CDC 115 hearing documents and supplements (if applicable) and forward to the Appeals Office for further processing.

[] Modify charge to _____

[] Other ____ SATF shall reissue and rehear RVR Log#C-01-009-0032, dated 9/16/01, for indecent exposure and ensure the appellant's request for witnesses is appropriately addressed.

**DORIS DUVALL, CC II**
**DANA ARLINE, CC II**
**S. AGUILERA-MARRERO, CC II**
**APPEALS COORDINATORS**

ASSIGNED TO: _C-yard_

DUE DATE: _09/09/02_

CAPTAIN _Cuevas_

*Upon completion of this Mod/Action Notice, please sign below and return this form to the Appeals Office.*
*I verify that the following action has been complied with:*

Action Taken: _____

_____

Signature: _____  Title: _____  Date: _____

# Memorandum

Date:

To:    L. L. Rianda, Chief
       Inmate Appeals Branch

Subject:    **COMPLETION OF DIRECTOR'S LEVEL MODIFICATION ORDER**
            **IAB LOG #0109090,  INSTITUTION LOG #SATF 01-05652**
            **APPELLANT:  LOPEZ  CDC #D-00623**

A modification order in the above appeal has been completed as ordered.  The order was as follows:

> The institution shall reissue and rehear RVR Log #C01-009-0032 and ensure the appellant's request for witnesses is appropriately addressed.

The modification was completed in the following manner:

|  |
|  |
|  |
|  |
|  |
|  |
|  |

(Attach a copy of any relevant documents such as CDC Form 128-G, Classification Chrono; CDC Form 128-C, Medical Chrono; CDC Form 115, Rules Violation Report, etc.)

Certified as completed by:

_____    _____    _____
Name                                Title              Location

# FINDINGS

The rules governing this issue are:

> **California Code of Regulations, Title 15, Section (CCR) 3007. Sexual Behavior.**
> Inmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws which remove legal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts.

> **CCR 3084.5. Levels of Appeal Review and Disposition.**
> (h) Disciplinary appeals. When procedural or due process requirements provided inmates in disciplinary proceedings have been violated, one of the following remedies shall be considered:
> (2) The original disposition shall be vacated and a new hearing ordered if the reviewer determines that any of the following requirements were not met:
> (D) The accused was denied witnesses, or when security was an issue, denied statements of witnesses which would, in the opinion of the reviewer, have contributed significant information.
> (3) When a disciplinary charge is ordered reheard, a new CDC Form 115 shall be written and processed. The disciplinary time constraints shall begin on the date the new CDC Form 115 is written except when an inmate is being returned to a facility for a disciplinary rehearing, the time constraints shall begin upon the inmate's return to that facility.

> **CCR 3315. Serious Rule Violations.**
> (e) Witnesses. An inmate may request that friendly and adverse witnesses attend the hearing.
> (1) Requested witnesses shall be called unless the official conducting the hearing denies the request for one of the following reasons:
> (A) The appearance would endanger the witness.
> (B) The official determines that the witness has no relevant or additional information.
> (C) The witness is unavailable.
> (2) If an inmate's request for a witness is denied, the reasons shall be documented on the CDC Form 115.

All submitted documentation and supporting arguments of the parties have been considered. The documentation and arguments presented are persuasive that the appellant has supported his appeal issue with sufficient evidence or facts to warrant a modification of the Second Level response.

A review of the RVR reflects that there were no additional staff reports as claimed by the appellant in this appeal. The appellant was provided copies of all reports 24 hours prior to his hearing. It is also noted in the RVR that the SHO stipulated as to the statements the appellant's witnesses would make during the hearing if they testified. The Second Level of Review states that witnesses had been interviewed by the IE and had made the stipulated statements to the IE. A review of the IE report reflects that only two inmates were interviewed. One inmate stated he did not see the appellant expose himself and the other inmate stated he did not see anything. Inmate Davis. H-691?¹ ···· ·· ·equested as a witness, but had not been interviewed by the IE. The SHO did not address this issue nor does the disposition reflect that the appellant agreed to the stip·· ··· ···ent that

Date:    January 14, 2002

To:    LOPEZ, D-00623
        California Substance Abuse Treatment Facility and
            State Prison at Corcoran

Subject:  SECOND LEVEL APPEAL RESPONSE
            LOG NO.: SATF 01-05652

ISSUE:

L. Smart, Appeals Coordinator, investigated your appeal at the Second Level of Review.

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C01-09-032, dated 9-16-01, for Indecent Exposure. In your appeal you state that the decision should be reversed and you are requesting a fair hearing.

INTERVIEWED BY:  L. Smart, Appeals Coordinator, on 1-14-02.

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3004. Rights and Respect of Others.**
    (a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.
    (b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.
    (c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

**CCR 3007. Sexual Behavior.**
    Inmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws which remove legal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts.

COPY

**CRIME / INCIDENT REPORT**
**PART A - COVER SHEET**

STATE OF CALIFORNIA

DOC 837-A (11/91)

| | | INCIDENT LOG NUMBER |
|---|---|---|
| | | SATF-03-01-09-0332 |

| INSTITUTION/FACILITY | INCIDENT SITE/LOCATION | DATE INCIDENT | TIME INCIDENT |
|---|---|---|---|
| SATF/SP CORCORAN, FACILITY IV-C | RECREATION YARD #1 | 9-16-01 | 1100 HRS |

SPECIFIC CRIME / INCIDENT
**INDECENT EXPOSURE**

D. A. REFERRAL  ☒ YES ☐ NO

SECTION/CODE/RULE NUMBER  3007

ALERT ACTIVATED? (ENTER Y OR N)  N    NEGOTIATIONS TEAM ACTIVATED? (ENTER Y OR N)  N    MUTUAL AID REQUESTED? (ENTER Y OR N)  N    MEDIA NOTIFIED? (ENTER Y OR N)  N

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATHS | CAUSE OF DEATH | ASSAULT/BATTERY | TYPE OF ASSAULT/BATTERY | |
|---|---|---|---|---|
| ☒ NONE | ☐ HOMICIDE | ☐ ON STAFF | ☐ BEATING | ☐ STRANGLING |
| ☐ STAFF | ☐ SUICIDE | ☐ ON VISITOR | ☐ SHOOTING | ☐ SLASHING |
| ☐ VISITOR | ☐ ACCIDENTAL | ☐ ON INMATE | ☐ STABBING | ☐ SEXUAL |
| ☐ INMATE | ☐ NATURAL | ☐ OTHER | ☐ SPEARING | ☐ OTHER |
| | ☒ N/A | ☒ N/A | ☐ POISONING | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED | TYPE WEAPONS (STAFF) | |
|---|---|---|---|---|---|
| ☐ STAFF | ☐ FIREARM | ☐ STABBING INSTRUMENT | ☐ YES ☒ NO | ☐ 38 CAL | ☐ 37 MM |
| ☐ VISITOR | ☐ KNIFE | ☐ HANDS/FEET | | ☐ MINI 14 | ☐ TASER |
| ☐ INMATE | ☐ SPEAR | ☐ CLUB/BLUDGEON | NUMBER FIRED -0- | ☐ H&K 94 | ☒ NONE |
| ☐ ACCIDENTAL | ☐ EXPLOSIVE | ☐ CAUSTIC SUBSTANCE | ESCAPES | ☐ SHOTGUN | |
| ☐ ATTEMPTED SUICIDE | ☐ PROJECTILE | ☐ INMATE MANUFACTURED | ☒ NONE | ☐ MK-9 O.C. PEPPER SPRAY | |
| ☐ OTHER | ☐ SLASHING INSTRUMENT | ☐ OTHER_____ | ☐ WITH FORCE | ☐ SIDE HANDLE BATON | |
| ☒ N/A | ☐ COMMERCIAL | | ☐ WITHOUT FORCE | ☐ PHYSICAL FORCE | |
| | ☒ NONE | | ☐ ATTEMPTED | ☐ OTHER_____ | |

EXCEPTIONAL ACTIVITY

| SUSPECTED CONTROLLED SUBSTANCES | LOCKDOWNS | | | |
|---|---|---|---|---|
| ☐ HEROIN/OPIATES | ☐ YES ☒ NO | ☐ MAJOR DISTURBANCE | ☐ EMPLOYEE JOB ACTION |
| ☐ COCAINE | | ☐ INMATE STRIKE | ☐ MAJOR POWER OUTAGE |
| ☐ MARIJUANA | IF YES, LIST AFFECTED | ☐ PUBLIC DEMONSTRATION | ☐ EXPLOSION |
| ☐ AMPHETAMINE | PROGRAMS BELOW: | ☐ INMATE DEMONSTRATION | ☐ FIRE |
| ☐ BARBITURATE | | ☐ NATURAL DISASTER | ☐ HOSTAGE |
| ☐ LSD | | ☐ ENVIRONMENTAL HAZARD | ☐ GANG INVOLVED |
| ☐ PCP | | ☐ "SPECIAL INTEREST INMATE" | ☐ OTHER |
| ☐ METHAMPHETAMINE | | ☐ WEATHER | ☒ N/A |
| ☐ OTHER ☒ N/A | | | |

**DESCRIPTION OF CRIME/INCIDENT:**

On Sunday, September 16, 2001 Inmate LOPEZ, D-00623 exposed himself to Correctional Officer A. Pat (female officer). Correctional Officer Patino is assigned to Recreation Yard #1 Observation Officer and observed inmate LOPEZ on the yard bleachers in front of Observation C-1, exercise Yard purpose exposing himself to her. Officer Patino called the C3 control officer who notified officer G. Floyd of LOPE arrival of Officer Floyd to the scene, Officer Floyd observed inmate LOPEZ sitting on the bleachers fa actions. Officer G. Floyd, Yard Officer #1, reported to the bench under yard 1 observation and upon Yard Observation #1 with his left leg extended out to his left with his left foot on the ground in an angle exposed himself to the Observation Officer. Yard recall was announced at 1145 hours and all the inm returned to their housing unit. Officer Floyd proceed to housing Unit #4 and brought inmate LOPEZ ba Yard Observation #1 and inmate LOPEZ was positively identified by Officer Patino as the inmate that exposing himself. Inmate LOPEZ was placed in the facility program holding cell pending review o Central File.

☐ CHECK HERE IF DESCRIPTION IS CONTINUED ON PART C

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/ID. # | SERVICE (INSTITUTION USE) | DATE |
|---|---|---|---|
| P. VILLABOLOS, CORRECTIONAL LIEUTENANT | 5512 | | 9-16- |

| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | DATE |
|---|---|---|
| R. M. COMFORT, FACILITY CAPTAIN | | 9-17 |

CRIME / INCIDENT REPORT
PART C - SUPPLEMENT

DC 837-C (11/91)

INCIDENT LOG NUMBER: SATF-03-01-09-0332

INSTITUTION/FACILITY: CSATF / SP CORCORAN          FACILITY IV-C

DATE INCIDENT: 9-16-01    TIME INCIDENT: 1100

TYPE OF INFORMATION:
☒ CONTINUING DESCRIPTION OF INCIDENT (PART A)    ☐ SUPPLEMENTAL INFORMATION    ☐ CLOSURE REPORT

NARRATIVE

Upon reviewing LOPEZ C-File it was noted that Inmate LOPEZ had numerous CDC Rule Violation Report for Sexual misconduct, masturbating, indecent exposure, sexual behavior. Also noted there are two (2) CD 128A's and two (2) CDC 128B's for similar behavior.  Inmate LOPEZ was placed in Administrativ Segregation pending disciplinary action and pending D. A. Referral for Sexual Behavior.

Inmate LOPEZ was informed of his Miranda rights pursuant to the Miranda Decision by Officer Floyd.

Inmate LOPEZ is being charge with CCR, Title 15, Section 3007, Sexual Behavior with the Specific Act "Indecent Exposure".  Facility IV-C RVR Log # C-01-09-032.

There was no use of force, no damage to State Property and no injuries to Staff or Inmates as the result this incident.

All appropriate Administrative Staff have been notified of this incident

NAME/TITLE/SIGNATURE OF REPORTING STAFF: P. VILLALOBOS, CORRECTIONAL LIEUTENANT    BADGE NO. 5512    SERVICE (INSTITUTION USE)    DATE 9-16

AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE): R. M. COMFORT, FACILITY CAPTAIN    DATE 9-1

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B - INVOLVED PARTIES

**PAGE 3 OF 3**

CDC 837-B (11/91)

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| SATF / SP –CORCORAN  FACILITY IV-C | 9-16-01 | 1100 HRS | SATF-03-01-09-0332 |

**INMATES**

| NAME (LAST, FIRST, MI) | | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|---|
| LOPEZ, | | | | | M | OTH | 299 |

| CHECK ONE | CDC NUMBER | CII # | FBI # | SSN # | PV - RTC ? |
|---|---|---|---|---|---|
| ☐ VICTIM | D-00623 | | | | ☐ YES  ☒ NO |

| | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
|---|---|---|---|---|---|
| ☐ SUSPECT | 2-11-85 | 01-10-01 | | | C4-202 |
| ☐ WITNESS | | | | | |

| COMMITMENT OFFENSE (OPTIONAL) | COUNTY OF COMMITMENT |
|---|---|
| | |
| | PRISON GANG/DISRUPTIVE GROUP (VALIDATED) |

| DESCRIPTION OF INJURIES | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| N/A | N/A |

CHECK ALL THAT APPLY
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  ☒ N/A

| NAME (LAST, FIRST, MI) | | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | CDC NUMBER | CII # | FBI # | SSN # | PV - RTC ? |
|---|---|---|---|---|---|
| ☐ VICTIM | | | | | ☐ YES  ☐ NO |

| | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
|---|---|---|---|---|---|
| ☐ SUSPECT | | | | | |
| ☐ WITNESS | | | | | |

| COMMITMENT OFFENSE (OPTIONAL) | COUNTY OF COMMITMENT |
|---|---|
| | |
| | PRISON GANG/DISRUPTIVE GROUP (VALIDATED) |

| DESCRIPTION OF INJURIES | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| | |

CHECK ALL THAT APPLY
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  ☐ N/A

**STAFF/VISITORS/OTHERS**

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OF |
|---|---|---|---|---|
| PATINO, | C/O | F | HISP. | |

| CHECK ONE | CHECK ONE | BADGE/ID # | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☒ VICTIM | ☒ STAFF | 60918 | C1 YARD OBSERVATION | |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☐ WITNESS | ☐ OTHER: | DESCRIPTION OF INJURIES  NONE | LOCATION OF HOSPITAL/TREATMENT  N/A | |

CHECK ALL THAT APPLY
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  ☒ N/A

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OF |
|---|---|---|---|---|
| FLOYD, | C/O | M | WHI | |

| CHECK ONE | CHECK ONE | BADGE/ID # | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 47253 | C1 YARD #1 | |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER: | DESCRIPTION OF INJURIES  NONE | LOCATION OF HOSPITAL/TREATMENT  N/A | |

CHECK ALL THAT APPLY
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  ☒ N/A

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS |
|---|---|---|---|---|
| | | | | |

| CHECK ONE | CHECK ONE | BADGE/ID # | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☐ STAFF | | | |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☐ WITNESS | ☐ OTHER: | DESCRIPTION OF INJURIES | LOCATION OF HOSPITAL/TREATMENT | |

CHECK ALL THAT APPLY
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  ☐ N/A

# Crime / Incident Report (CDC Form 837)
## Supplement to the Crime / Incident Report (CDC Form 837)

| Last Name, First Name, Initial | Badge # | ID# | Incident Date | Incident Log # |
|---|---|---|---|---|
| | 609.2 | | 9-18-01 | SATF-03-01-09-0352 |

| Post Description | Incident Time | Report Date |
|---|---|---|
| C1 yard observation | | 9-18-01 |

| Length of Service | Duty Hours | Incident Location |
|---|---|---|
| RDO'S | 2230-0630 | C1 yard observation |

**Description of Incident / Crime:** Obscenity/Indecent Exposure **CCR Section / Rule:** 3007

| Your Role | Witness (preface S-Staff, V-Visitor, O-Other) | Inmates Involved (preface S-Suspect, V-Victim, W-Witness) |
|---|---|---|
| ☐ Primary | A. Patino = S | Lopez P00623 = S |
| ☐ Responder | | |
| ☒ Witness | | |
| ☐ Victim | | |
| ☐ Camera | | |

| Force Used by You | Less Lethal Weapons | Lethal Weapons | Number of Rounds Fired | Force Observed by You |
|---|---|---|---|---|
| ☐ Lethal | ☐ 37mm | ☐ Mini-14 | | ☐ Lethal |
| ☐ Less Lethal | ☐ Baton | ☐ Shotgun | N/A | ☐ Less Lethal |
| ☐ Physical | ☐ OC Pepper Spray | ☐ Handgun N/A | | ☐ Physical |
| ☒ None | ☒ Other N/A | ☐ Other | | ☒ None |

| Evidence Collected | Evidence Description | Disposition | Weapon | BIO Hazard |
|---|---|---|---|---|
| ☐ Yes | N/A | N/A | Yes | Yes |
| ☒ No | | | ☒ No | ☒ No |

**SCIF 3301/3067 Completed**

| Reporting Staff Injured | Description of Injuries | Location Treated | Body Fluid Exposure | |
|---|---|---|---|---|
| ☐ Yes | N/A | N/A | ☐ Yes | ☐ Yes |
| ☒ No | | | ☒ No | ☒ No |

On Sunday Sept. 18, 2001 at approximately [illegible] hours while performing my duties as Yard C-1 observation officer, Inm Lopez was sitting on the last bottom bench of the bleachers, while his entire front body was facing directly towards my observation booth. As I was observing the Inm's on the bench I witnessed Inm Lopez looking up directly at me as he began to pull up his shorts to his groin area on the left leg. Lopez then began to grab his testicles and rubbing his testicles with his last four fingers in a circular motion for approximately 30 seconds, he then decided to adjust and expose his testicles and [illegible] to the left side of his leg leaving both [illegible] wide open. I then proceeded to call building C8 control asking him to advise officer C. Floyd whom was standing between building [illegible] and C8 to counsel Inm Lopez on his illegal sexual behavior. [illegible] Floyd advised Lopez [illegible] on the bleachers. Inm Lopez advised the [illegible]

| Reporting Staff Signature | | | Date |
|---|---|---|---|
| [signature] | | | 9-18-01 |

| Reviewer's Signature | Approved | Clarification Needed | Date |
|---|---|---|---|
| [signature] | ☒ | ☐ | 9-19-01 |

(Print in ink or employee can personally type or complete this form on computer)
At no time will this form be completed by anyone other than the reporting employee)

**Department of Corrections**



# EXHIBIT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Number:** | D00623 | **Name:** | LOPEZ | **B:** 05/15/57 | **NEXT CLASS.:** | ANNUAL - 03/01/08 |
| **Custody:** | MED A | **Release Date:** | 12/15/99 - MEPD | **PS:** 299 | **WG/PG:** | A1/A – 08/11/06 |
| **Comment:** | ANNUAL REVIEW: REDUCE CUSTODY TO MED A, CPP, CCGP DENIED. | | | | | |

Subject appeared before Facility "A" Unit Classification Committee on this date for his Annual Review.  A CDC-128B-1 was issued to Subject 72 hours prior to the start of this committee.  Committee notes the following case factors in this review period from 03/01/06 to 02/28/07. Subject did not receive any serious disciplinary action.  He has one qualifying period of average or above work or school performance.  His placement score was adjusted to 299 points.  Subject has a mandatory minimum score of 19 due to VIO.  He is currently assigned to Vocational Graphic Arts.  Subject has a GPL of 5.5 and a Reading score of 5.9 (A8) per CDC 128B dated 03/01/05.  He has a GED in file #2. He was commended for his programming and encouraged to remain disciplinary free.  "S" is requesting retention at MCSP and to continue in his present program.  Subject was previously endorsed to MCSP IV SNY with Level IV points per CDC 128G dated 06/08/06.  His sensitive needs are due to safety concerns from the Southern Hispanics (see CDC 128G dated 10/23/02).  Based on the above, the committee has decided to retain "S" at MCSP.  For complete case factors, refer to CDC 128G dated 08/04/06.

Committee notes that Subject has been CLO B custody for the last several years, but the reason for Close Custody was not articulated.  It appears that it may have been a result of him being considered a management concern.  UCC notes that Subject is within 7 years of his MEPD.  Subject does have an active USINS (ICE) hold, but this does not require CLO B custody per CCR 3377.2(c)(5).  Subject does not have an escape history.  He has been disciplinary free for the previous 12 months.  He has successfully programmed at MCSP since his arrival on 07/27/06.  There are no other case factors which require continued CLO B custody.

**COMMITTEE ACTION:**  UCC elects to reduce custody to MED A, continue in present program and deny a Center Core Gate Pass (CCGP). Subject actively participated in committee action and stated that he agreed with the recommendations.  No accommodation for the purposes of effective communication was required.  He indicates that he understands the committee action and was advised of his appeal rights.

**COMMITTEE MEMBERS:**    K. JOHNSON, FC (A)
                          M. ELORZA, CCI
                          L. MARTINEZ, CCI
                          M. HAMILTON, CCI
                          J. HOEPNER, TEACHER

K. JOHNSON, FC (A)
CHAIRPERSON

M. ELORZA, CCI
RECORDER

Date: 03/08/07                  **CLASSIFICATION: ANNUAL REVIEW**                  INST. MCSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev. 12/91)

| | | | | |
|---|---|---|---|---|
| **NO.** D-00623 | **NAME:** **LOPEZ, Rafael** | | A/S A1-1288 | |
| Custody: **MAX A** | CS: **269** | LEV-**IV** | D2/D EFF 01/07/2000 | Assignment: **MERD 08/22/2000** |
| RelDate: **MEPD 09/30/98** | | | Reclass: 04/12/2000 | Action: **REFER CSR FOR AUDIT/REVIEW;** |

Action: **MERD 08/22/2000**
**REFER CSR FOR AUDIT/REVIEW;**
**RX COR-SHU CCCMS PLACEMENT;**
**ASSESS EXPECTED 10 MO SHU**
**TERM; MERD 08/22/2000**

Inmate **LOPEZ** appeared before PBSP AD SEG ICC on this date for 30 Day Program Review. C/O M. Valdez was assigned as the Staff Assistant as S is CCCMS Level of Care. S was placed in Ad Seg on 01/07/2000, for the following reason: Possession of a Deadly WPN. ICC notes S was found guilty of a CDC 115 consistent with the CCR and that all time constraints have been met.

| DATE | LOG# | DIVISION | DAYS LOST | CCR# |
|---|---|---|---|---|
| 01/07/2000 | B/00-01-0011 | A1 | 360 | 3006(a) |

ICC elects to assess an expected 10 month SHU term for Possession of a Weapon other than a Firearm or Explosive Device which has been manufactured or modified so as to have the obvious intent or capability of inflicting traumatic injury, and is under the immediate or identifiable control of the inmate. It is Committee's opinion that sufficient unusual circumstances do not exist to merit aggravating or (continued)

Date:    03/15/2000    (NORGAARD/sz)    Classification    AD SEG ICC REVIEW    Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev. 12/91)

Page 2

mitigating this SHU term. The MERD is set at 08/22/2000. In accordance with PC 2933.6, D2 effective date is 01/07/2000, for the duration of the MERD. ICC acts to refer this case to the CSR for Audit and Review of the assessed SHU term and transfer to COR-SHU only, noting S is CCCMS level of care. ICC acts to retain S in Ad Seg pending transfer to COR-SHU. Case factors: S is a 45-year-old, Cuban, 1st-termer, received in CDC on 02/11/85, from Fresno County, for the offense of Murder 2nd w/Use of a Weapon, receiving a total prison term of 16 years to Life. S was received at PBSP on 04/21/99, from SVSP for CCCMS placement. The commitment offense does not meet Mentally Disordered Screening criteria per PC 2962. There are no arsons, escapes, or sex offenses. Holds: USINS #A24-781-352. Disciplinary history: Last CDC 115 dated 01/07/2000, for POSS of a Deadly WPN. Previous CDC 115s for Refusal to Obey Orders, Theft of Personal Property, Obstructing a P/O, Mutual Combat, Embezzlement of Inmate Funds, Threatening Staff, POSS of Amphetamines, Battery on a P/O, and Participation in a Rout. Medical status: Full Duty. S has been reviewed for adaptive functioning criteria, and Committee notes no physical or developmental limitations which would require a Developmental Disability Placement (DDP) referral. ICC notes Madrid Exclusionary Chrono, CDC 128C dated 05/12/99, denotes CCCMS level of care. R. Pratt, Staff Psychologist, who was a participant in this Committee:
(continued)

Date:    03/15/2000    (NORGAARD/sz)    Classification    AD SEG ICC REVIEW    Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev. 12/91)

# INMATE'S COPY

Page 3

1. confirmed S's level of mental health care to be CCCMS.
2. identified S's following treatment needs as being CCCMS based on an assessment and recommendation made by the most recent Interdisciplinary Treatment Team.
3. stated S has contact with someone from the Psych Department on a weekly basis if at anytime it is felt S is decompensating his level of care will be adjusted appropriately.
4. identified S as participating in the Mental Health Program.
5. declined to make any recommendations to the ICC Chairperson, but determined after observing S in Committee that he is capable of comprehending the issues being presented based on his mental health status at this time.

(continued)

Date:    03/15/2000    (NORGAARD/sz)    Classification    AD SEG ICC REVIEW    Inst: PBSP

NUMBER: D00623   NAME: LOPEZ               HOUSING: FAB5-147U   CDC-128-G (Rev. 6/96)

Custody:              MAX B          Ethnic:           HISPANIC   Reclass Date:   1/97
Release Date:       MEPD 6/2/98    Work Group:      D1         RPS Due Date:  LIFER
Classification Score: 241           Privilege Group:  D
GPL:                  4.8           Effective Date:   12/19/96

Summary:   SPECIAL   REVIEW CDC 114-D, RETAIN AD-SEG PENDING COMPLETION OF IN-
VESTIGATION/DISCIPLINARY PROCESS, RAISE CUSTODY TO MAX B,
APPROVE YARD, P/O NON-CONTACT VISITING STATUS. D1D EFFEC-
TIVE 12/19/96.

Comments:  Inmate LOPEZ appeared before AD-SEG / ICC for his initial AD-SEG placement review.
LOPEZ was placed in AD-SEG on 12/19/96 due to Threatening an Officer.  The CDC 114-D hearing
was held in ICC.  There was no Staff Assistant or Investigating Employee because the issues were
not complex and the inmate is not illiterate;  Decision: Retain pending completion of investiga-
tion/disciplinary action due to the seriousness of the offense and safety and security of the institution.
Committee elects to:  Review CDC 114-D, retain AD-SEG pending completion of investiga-
tion/disciplinary process, raise custody to MAX B, approve yard, P/O non-contact visiting status, D1D
effective 12/19/96.   LOPEZ stated he understood the committee's actions.   Inmate LOPEZ was
asked if he had any enemies in AD-SEG and he stated none that he knew of.

Chair-Person: T.E. NEWTON, A.W. (A)                        Recorder: J.C. SISK, CCII

Panel:  T.E. NEWTON, A.W. (A);  W. COHEN, FAC CAPT; A. GODFREY, C&PR;
D. MARRIOTT, CCI; P. LONEY, R.T.; R. CEZYZK, P.S.W.;  J.C. SISK, CCII
Dist.:   C-File
         Inmate
/lml

Date:  12/27/96     ICC / AD-SEG        Classification:  SPECIAL            Inst: SVSP



INMATE COPY

NUMBER: D00623   NAME: LOPEZ          HOUSING: FDB3 103     CDC-128-G (Rev. 6/96)

| | | | |
|---|---|---|---|
| Custody: | CLO A | Ethnic: | HISPANIC | Reclass Date:   3/98 |
| Release Date: | MEPD 9/30/98 | Work Group: | A2 | RPS Due Date: N/A |
| Classification Score: | 253 | Privilege Group: | B | |
| GPL: | 4.9 | Effective Date:   5/6/97 | | |

Summary:   ANNUAL IN ABSENTIA: CONTINUE PRESENT PROGRAM.

Comments:  Inmate LOPEZ's case was reviewed by UCC in absentia on this date for the purpose of an Annual review.   LOPEZ waived his appearance.   Inmate LOPEZ is currently unassigned. LOPEZ's custody status was reviewed and CLO A custody remains appropriate.  The CDC 127, 812, and 840 have been updated.  LOPEZ's classification score has been adjusted to 253 which reflects a 6 point increase due to one CDC-115.  Committee acts to Continue Present Program. Inmate LOPEZ meets the criteria for 180 design placement.  Restitution: NONE.  Inmate LOPEZ was given his 72 hour notice for this committee and is informed of his appeal rights upon receipt of this CDC-128G.

Chair-Person:  T. KOSLOSKE, CAPT(A)                          Recorder:  L. DEVAR, CCI

Panel:  T. KOSLOSKE, CAPT(A);  E. BLANCO, CCII(A);  L. DEVAR, CCI
Dist.:  C-File
          Inmate
/mlt

Date: 5/21/97          UCC          Classification:  ANNUAL          Inst: SVSP

INMATE COPY

NUMBER: D00623   NAME: LOPEZ          HOUSING:  A5-213U   CDC-128-G (Rev. 6/96)

Custody:           MAX B          Ethnic:         HISPANIC   Reclass Date:   2/20/97
Release Date:      MEPD 6/2/98    Work Group:     D1         RPS Due Date:  LIFER
Classification Score: 241         Privilege Group: D
GPL:               4.8            Effective Date:  12/19/96

Summary:  SPECIAL  RETAIN IN AD-SEG PENDING COMPLETION OF DISCIPLINARIES, REFER
                   TO CSR FOR 60 DAY AD-SEG EXTENSION.

Comments:  Inmate LOPEZ appeared before Ad-Seg ICC today for his 30 day Ad-Seg placement
review. LOPEZ was placed in Ad-Seg on 12/19/96 due to threatening staff. A CDC-115 Log #FC-96-
12-063 has been issued.  Committee notes that inmate LOPEZ commented that the 115 was heard
but their is no final distribution of copies in the C-File at this time, therefore, committee elects to: Re-
tain in Ad-Seg pending completion of disciplinaries, refer to CSR for 60 day Ad-Seg extension.
LOPEZ states he understands committee's actions.

Chair-Person: P. CARRILLO, AW                                    Recorder: J.C. SISK

Panel:  P. CARRILLO, AW;  R. CEZYZK, PSW;  P. NEWTON, CCI;  D. MARRIOTT, CCI;  J.C. SISK
Dist.:  C-File
        Inmate
/al

Date:  1/27/97      ICC/AD-SEG          Classification:  SPECIAL          Inst: SVSP



INMATE COPY

NUMBER: D00623   NAME: LOPEZ                 HOUSING: A5-213        CDC-128-G (Rev. 6/96)

Custody:            CLO A           Ethnic:          OTHER      Reclass Date:  6/3/97
Release Date:       MEPD 9/30/98    Work Group:      A2         RPS Due Date: N/A
Classification Score: 247           Privilege Group: B
GPL:                UNK             Effective Date:  5/6/97

Summary:   SPECIAL <u>REFER TO CSR-AUDIT.</u>   PRE-MERD REVIEW:   SUSPEND REMAINDER
           OF MERD OF 5/27/97.   RELEASE TO FACILITY "D" ESTABLISH CLO A
           CUSTODY. WG/PG A2B EFFECTIVE 5/6/97.  P/O S/S W/L.

Comments:  Inmate LOPEZ appeared before Ad-Seg ICC this date for a Pre-MERD Review.  LOPEZ
was placed in Administrative Segregation on 12/19/96 due to Threatening Staff.  There was a CDC
115 Log # FC-96-12-063 issued and subsequently LOPEZ was found guilty and assessed a 7 month
SHU term with a MERD of 5/27/97.  Inmate LOPEZ was endorsed by the CSR on 3/12/97 for SAC IV
CCCMS upon completion of SHU term and BPT Hearing.  Committee elects to suspend remainder of
MERD of 5/27/97.  Release to Facility D.  Establish CLO A custody.  WG/PG A2B effective 5/6/97
and P/O S/S W/L.  Subject was informed of his appeal rights and afforded the opportunity for partici-
pation in this classification action.  Subject's case was reviewed for DDPS tracking.  Committee notes
the subject does not meet the criteria for any of these Facilities including CCRC due to having lifer
status without an established parole date.

Chair-Person: P. CARRILLO, CDW (A)                    Recorder:  R.L. DANSBY, CCII (A)

Panel:  P. CARRILLO, CDW (A);  P. TINGEY, AW;  A. GODFREY, C&PR;  J. BASSO, FAC CAPT;
R.L. DANSBY, CCII (A)
Dist.:  C-File
        Inmate
/crg

Date:  5/6/97        AD-SEG ICC          Classification:  SPECIAL            Inst: SVSP

COPIED AT STATE EXPENSE
COPIER #00386

INMATE COPY

**INMATE COPY**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128G (REV. 7/92)

| | | | |
|---|---|---|---|
| NO: D00623 | NAME: LOPEZ | | HOUSING: C4 |
| CUSTODY: CLO B | CS: 299 | RC: 3/02 | ACTION: PROGRAM REVIEW- IN |
| MEPD: 9/30/98 | WGPG: A1A | EFF: 2/18/01 | ABSENTIA. REMOVE FROM POS# |
| ASSIGN: TIL%C.526 | ETHNIC: OTHER | GPL: 7.8 | TIL%C.526 C. TECH ILL & PLACE |
| C.TECH ILL | | | INTO POS# PTRMC.201 FAC C |
| | | | HEALTH. |

I/M LOPEZ CASE WAS REVIEWED IN ABSENTIA BY FAC C UCC THIS DATE FOR THE PURPOSE OF A PROGRAM REVIEW. COMMITTEE CONDUCTED IN ABSENTIA PER I/M REQUEST (OR) DUE TO ACTION BEING TAKEN IS NON ADVERSE IN NATURE.

REMOVE FROM POSITION# TIL%C.526 C.TECH ILL & PLACE INTO POSITION# PTR MC.201 FAC C HEALTH.

'S' CONFIDENTIAL FILE WAS REVIEWED. THERE ARE NO OTHER CASEWORK CONCERNS AT THIS TIME. I/M LOPEZ WILL BE ADVISED OF COMMITTEE'S ACTION VIA A COPY OF THIS CDC 128-G & HAS THE RIGHT TO APPEAL PURSUANT TO CCR TITLE 15.

ADDITIONAL COMMITTEE MEMBERS PRESENT WERE AS FOLLOWS: ROBERTS, J. PSYCH, PONCE, S. EDUCATION, & S/A SOTO.

| | | |
|---|---|---|
| F. MORAN, CCI | R. L. WALKER, CCII (A) | C. COOPER, (A) |
| **RECORDER** | **MEMBER** | **FACILITY CAPT/CHAIRMAN** |
| ACTION DATE: 8/14/01 | | CSATF/SP    AH: C-229 |



# EXHIBIT

2
3
4
5
6
7
8
9
10
11
12
13
14
15

26

Assignment Desk/Activity Card

CDC#: D00623 LOPEZ, RAFAEL C
EFF: 05/30/2003
BED: FEB272 245L
LOC: E265
RDO: TH F S H
JOB#: CLK-E.255 E MILL & CAB CLK
HRS: 0645-1615 0645-1215

AUTHORIZED BY:

CDC-128(B)

NUMBER: _D00623_     NAME: _LOPEZ_     BED: _E2-245-L_

This inmate has been assigned to a support services position that meets the criteria of a "Special Assignment" in the DOM Section § 53130.6.1. This position is identified as a 4-10-40, which will consist of four, eight and a half hour days (8.5 Hours X Time plus a ½ hour meal break) for a total of a 34 hour workweek.

POSITION: _CLK-E.255  E MILL & CABINET CLERK X SHIFT_     (SPECIAL ASSIGNMENT)

Original: Central File
cc: Inmate

Date:  5/30/03

R.A. GARZA
Inmate Assignment Lieutenant

Inst.: CSATF/SP

STATE OF CALIFORNIA
CDC 101 Rev 6/82

# WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = Exceptional | 2 | A. Demonstrated Skill and Knowledge | 3 | F. Teamwork and Participation |
| 2 = Above Average | 2 | B. Attitude Toward Fellow Inmates and Workers | 2 | G. Learning Ability |
| 3 = Satisfactory | 1 | C. Attitude To Supervisors and Staff | 2 | H. Use of Tools and Equipment |
| 4 = Below Average | 2 | D. Interest in Assigned Work | 2 | I. Quality of Work |
| 5 = Unsatisfactory | 1 | E. Effort Displayed in Assigned Work | 2 | J. Quantity of Work |

PAY STATUS: From $ 25 To $ 30  From Job No. 3172 5304 To Job No. SAME

Total No. Hours Assigned | Total No. Hours Worked | LENGTH OF SUPERVISION 1 MONTH

| SUBJECT ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF: | PERIOD COVERED BY REPORT | INMATE'S INITIALS |
|---|---|---|---|---|
| DEPARTMENT #79 | 8-22-89 | WOOD WORKING SHOP HAND | 3-1-90 TO 4-1-90 | |

RECOMMEND FOR: ☐ REASSIGNMENT  ☐ RETAIN  ☒ PAY INCREASE  ☐ PAY DECREASE

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
INMATE LOPEZ SHOWS GOOD INTEREST IN WORKING AS A CLERK IN DEPT.79

SUPERVISOR KLEMP, K. | WORK DETAIL DEPT. #79 | ETHNICITY OTHER

INMATE'S NAME LOPEZ | NUMBER D00525 | INSTITUTION NEW FOLSOM P.I.A. | DATE 4-1-90

**STATE OF CALIFORNIA**
CDC 101 (10/81)

## WORK SUPERVISOR'S REPORT

**DEPARTMENT OF CORRECTIONS**

| GRADES | GRADE | | | GRADE | |
|---|---|---|---|---|---|
| 1 = Exceptional | 1 | A. Demonstrated Skill and Knowledge | | 1 | F. Teamwork and Participation |
| 2 = Above Average | 1 | B. Attitude Toward Fellow Inmates and Workers | | 1 | G. Learning Ability |
| 3 = Satisfactory | 1 | C. Attitude To Supervisors and Staff | | 2 | H. Use of Tools and Equipment |
| 4 = Below Average | 2 | D. Interest in Assigned Work | | 1 | I. Quality of Work |
| 5 = Unsatisfactory | 2 | E. Effort Displayed in Assigned Work | | 1 | J. Quantity of Work |

| PAY STATUS: From $ 25 | To $ 45 | From Job No. 134.6874 | To Job No. SAME |
|---|---|---|---|
| Total No. Hours Assigned 42 | | Total No. Hours Worked 42 | LENGTH OF SUPERVISION 90 days |

| SUBJECT ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF: | PERIOD COVERED BY REPORT |
|---|---|---|---|
| CENTRAL, CONTROL | 3/14/85 | CENTRAL, CONTROL, CLERK | 90 days |

RECOMMEND FOR: ☐ REASSIGNMENT  ☒ RETAIN  ☐ PAY INCREASE  ☐ PAY DECREASE

INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
LOPEZ    is a very good worker and reports to his job on time.

| SUPERVISOR G.B. Robger | WORK DETAIL CTF/Central | ETHNICITY Other |
|---|---|---|
| INMATE'S NAME LOPEZ, RAFAEL | NUMBER D-00623 | INSTITUTION CTF-Central | DATE 6/6/85 |

MAST... RESCRIPTION

LOCATION CODE: PSU JOB TITLE: II-HAG. PSU **CLERK**    POSITION #: **CLK-B.103**

HOURS W/MEAL BREAK: **0600/1130/1200/1330**  RDO'S: **SAT/SUN**  PAY GRADE: **N-3**

WIP CODE: **S**      **MED—(A)**        SKILL LEVEL: **TECHNICIAN**

DOT #: 209-562-010  REQUIREMENTS/RESTRICTIONS:_____

---

SPECIFIC DUTIES:

Your responsibilities are listed below, but are not limited to those duties only. You will be expected to perform any additional duties requested or ordered by your supervisor and staff. When you have completed your duties for the day, report to your supervisor. If you are doing duties that are not on this list, please let your supervisor know so that they can be added to the list if needed. If you have any questions regarding your job duties or expectations, you should ask your supervisor for clarification.

Daily Work Schedule

| | |
|---|---|
| 0600 hrs | Report to work |
| 0610 hrs | Organize/collect work |
| 0630 hrs | Begin typing CDC 115's, 128's, IE's, Hearings, special purchase orders, filing, and other duties as assigned |
| 1130 to 1200 hrs | Mandatory meal break |
| 1200 hrs | Resume typing/filing/other duties |
| 1330 hrs | Off duty |

Any other duties as required.

ACCEPTABLE STANDARDS:  You are expected to perform your assigned work duties and responsibilities to the BEST of your ability at all times. You must maintain a good working relationship with staff and peers. You are expected to report to work on time and may not leave work without permission from the work supervisor. You are expected to maintain and display an acceptable attitude and demeanor at all times. Personal appearance and hygiene are to be neat and clean. You must be dressed in state issued clothing and wear all applicable safety items. You must perform assigned tasks diligently and conscientiously and must not pretend illness or otherwise evade attendance in your assigned work and program activities. The expected amount of work hours is to be kept as near to eight hours per day as the institutional procedure and security needs will allow. You may be required to work more than eight hours when institutional need occurs. Performance will be evaluated continually and a written report (CDC 101) will be submitted quarterly.

FAILURE OR REFUSAL TO MEET EXPECTED STANDARDS:  If you fail to comply with the requirements of this job and/or the California Code of Regulations, Title 15,  progressive discipline will be adhered to.  Any "A" time, regardless of duration, will preclude the earning of work time credit for the day (California Code of Regulations, Title 15, Section 3043.4).

---

I have read and received a copy of this signed job description and fully understand my duties and responsibilities.

_Inmate's Signature_                                          Date: **9/11/98**

**RAFAEL LOPEZ**                                             **D-00623**

Inmate's Printed Name                                        CDC Number

_Work/Training Supervisor's Signature and Title_              Date: **12-31-98**

Original: Supervisor's Copy: Inmate



# EXHIBIT

# INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                    Category

1. _____          1. _____          : _____

2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Rafael López | NUMBER D-00623 | ASSIGNMENT AD/SC-9 FACILITY "E" | UNIT/ROOM NUMBER E1-114 |
|---|---|---|---|

A. Describe Problem: ARTICLE 9 PERSONAL PROPERTY. 3190-3191 PROPERTY REGISTRATION AND DISPOSITION 3193 LIABILITY. I SUBMIT THIS 602 APPEAL IN REGARD OF MY PROPERTY. I WAS REMOVED FROM GENERAL POPULATION AND PLACEMENT IN SEGREGATION UNIT WITHOUT A BREAK ANY RULES LATER ON. I FIND THAT ALL MY PROPERTY WAS LOSSED. I ASKED TO LIEUTENANT SMITH WHAT IS THE REASON TO PUT ME IN THE SEGREGATED UNIT NONE GIVE TO ME ANY ANSWER-

If you need more space, attach one additional sheet.

B. Action Requested: 3193 LIABILITY ARTICLE 9 PERSONAL PROPERTY. I WOULD LIKE THE CALIFORNIA DEPARTMENT OF CORRECTIONS TO FIND MY PROPERTY OR WILL GO PAX FOR IT ALL MY LEGAL MATERIALS IS IN MY PROPERTY. ARTICLE 6. LEGAL DOCUMENTS.

Inmate/Parolee Signature: _RPM_                    Date Submitted: 10/30/05.

C. INFORMAL LEVEL (Date Received: _____ )

CSATF APPEALS

Staff Response: _____

MAY 11 2006

~~BYPASS~~

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

~~BYPASS~~

Signature: _____                    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    **CSATF APPEALS**

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: MAY 1 1 2006 _____ Due Date: 6-23-06

Interviewed by: _SEE ATTACHED_____

Staff Signature: _____    Title: SANCA    Date Completed: 8-29-6

Division Head Approved: _____    **CSATF APPEALS** 0/14/06

Signature: _____    Title: CHSATF    Date to Inmate: ___ 0CT 3 2006

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC-602 (12/87)    Date: _____



# DECLARATION OF SERVICE BY MAIL

CASE NAME: *Habeas Corpus*     CASE NO: S 119513

I, *Rafael López*, am a resident of the state of California Mule Creek State Prison ( M. C. S. P ) at Ione, County of Amador, California, and am at least 18 years of age and am party to the within action. My mailing address is P.O. Box 409000, Ione, California 95640-9000.

On *June 22- 2008*, I served a true and correct copy of the following document(s):
*Petition of Habeas Corpus. Federal.*
*Federal Habeas Corpus.*

On each party listed below by placing it in a sealed envelope, with adequate postage or provided, and depositing said envelope in the institutional mail box or turned said envelope to custodial personnel for the United States Mail at Mule Creek State Prison, P.O. Box 409000, Ione, California 956490900. Each party to the action has been duly served.

This copy is being mailed to:
*Clerk of the United States District Court*
*for the Northern District of California*
*450 Golden Gate Avenue Box- 36060*
*San Francisco, California 94102.*

I have mailed additional copies to:
*Clerk of the United States District Court for*
*The Northern District of California 450 Golden*
*Gate Avenue, Box- 36060 San Francisco*
*California 94102*

There is regular service by the United States Mail between the above place of mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this date: *June. 22*, 20 *08*, at Ione, California.

Signed: _____, CDC No: *D-00623*

## M. C. S. P MAILROOM ACKNOWLEDGEMENT OF MAILING

DATE: _____ SIGNED: _____

Rafael Lopez D-00623
C12 Cell. 243. Ad/Seg.
Mule Creek State Prison
P.O. Box-409060
Ione, California
95640

CONFIDENTIAL
LEGAL MAIL

CONFIDENTIAL
LEGAL MAIL

To: CLERK OF THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
CALIFORNIA, 450 GOLDEN
GATE AVENUE, BOX-36060
SANFRANCISCO, California
94102